WONG CHAN *vs.* AH YONG and AH WAI, doing Busi-
  ness under the name of " HO FON," and YONG
  AHOI.

BILL IN EQUITY TO DECLALE A TRUST.

HEARING, DECEMBER 27, 1893.   DECISION, JANUARY 19, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The plaintiff deposited a sum of money with Y. A. and A. W. as advance
    rent on a lease which they agreed to obtain for him.   The lease was
    obtained, but was made to A. W. and A. H. as partners :

Held, that the decree declaring A. W. and A. H. to be trustees for
    plaintiff of the lease and ordering them to assign the same to plain-
    tiff should be affirmed.   If A. H. was ignorant of the fraud he is
    bound by the fraud of his partner A. W., the transaction being a
    contract relating to the copartnership.

Y. A. was employed by A. H. as an agent to procure the lease.   He de-
    ceived plaintiff in taking the lease to A. W. and A. H.

Held, that A. H. having put confidence in Y. A. should be the loser
    rather than the plaintiff.

OPINION OF THE COURT, BY JUDD, C.J.

The defendants appeal from the decree of Judge Cooper,
declaring a trust and ordering an assignment by defendants
to plaintiff of the lease.

Following is Judge Cooper's decision :

" The bill alleges that the defendants Yong Ahoi and Ah

Wai undertook to procure for the plaintiff a lease of a certain tract of land in Kewalo, Pauoa, Oahu, and for such purpose the plaintiff paid them eighty dollars ; that the defendants wrongfully, and to the fraud of the plaintiff, procured such lease in the name of Ah Yong and Ah Wai doing business under the name of Ho Fon.

" Wherefore, the plaintiff prays that the defendants be declared the trustees of such lease and demised premises for his benefit.

"The defendants deny the allegations of the bill, and further set forth that the defendant, Ah Yong, is a *bona fide* holder of the said lease.

" The decision of this case involves merely a determination of the facts, the law being beyond dispute. The testimony introduced by the defendants was in direct conflict with that of the plaintiff, but I find no difficulty in determining which of the witnesses were telling the truth.

" In order to substantiate the testimony of Yong Ahoi, I must disbelieve the evidence given by Mr. Booth, who testified as to the admissions of both of the defendants, his evidence being corroborated by Kawaihoa. Also Ah Hong, Ah Kau and the plaintiff who testified to the payment of the money, also Mrs. Lydia Piikoi Kamakaia, who says that before she consented to give the lease, Yong Ahoi told her that he had made arrangements with the plaintiff who was in possession of the land.

" The manner of the witnesses, Yong Ahoi and Ah Wai, while giving their evidence, was decidedly against them. The bravado and contempt expressed by them in their denials of important points, in conjunction with the unshaken testimony of the witnesses for the plaintiff, satisfy me that neither of them were telling the truth.

" I find, therefore, that the defendants, Yong Ahoi and Ah Wai, did undertake to procure the lease for the plaintiff, and that they received the sum of $80 with which to make the first payment. As to Ah Yong, if in fact he be the person who was present and testified, he is but the agent of Yong

Ahoi and was fully informed as to the relations of the parties, and is not entitled to any protection."

## By the Court.

Mr. Castle, for defendant, urges upon us that Yong Ahoi, one of the defendants, is not shown to have any interest in the lease. This appears to be true, for the lease was made to Ah Yong and Ah Wai, partners under the name of "Ho Fon," and the name of Yong Ahoi does not appear upon the lease actually made by the lessor. But the decree does not undertake to bind him, and from all that appears, he need not have been made a party, except as a co-conspirator with Ah Wai in obtaining the lease in fraud of the plaintiff. But Yong Ahoi had a very close connection with defendants. In conversation with plaintiff and others, Yong Ahoi, after the lease in question had been obtained, spoke of it as his own, and offered to lease the premises to plaintiff for $300 per annum.

It is also urged by Mr. Castle that Ah Yong is not shown to have participated in the transaction, except that he became a lessee by signing the lease with his partner Ah Wai. There is evidence that his name was inserted in the lease by the direction of Yong Ahoi, who is Ah Wai's brother; and it appears to us from the evidence that though Yong Ahoi was the main actor in this business with the plaintiff and the lessor, so that the lessor, Lydia Piikoi Kamakaia, supposed that the lease was to be made to him alone, he had Ah Yong's name inserted in the lease with Ah Wai in order to conceal his own share or agency in the transaction, intending in some way to reap the benefit of it.

There is another view that can be taken of Ah Yong's liability. By his own admission, he was unfamiliar with the business of making leases, and employed Yong Ahoi to attend to it for him, saying that Yong Ahoi "was an old hand at it." Making Yong Ahoi his agent for this purpose, he is liable to the plaintiff for the fraud and deceit committed by Yong Ahoi in the course of the business. The principle

is that "since somebody must be the loser by the deceit, it is more reasonable that he who employs and puts confidence in the deceiver should be a loser than a stranger."

1 Encycl. Law, p. 417.

But Ah Wai was a party to the fraud upon the plaintiff, taking the $80 from him on the promise to get the lease for him, but took the lease to himself and Ah Yong as partners. If Ah Yong was ignorant of the fraud, which is doubtful, he was bound by the fraud of his partner Ah Wai.

"One partner will be bound by the fraud of his co-partner, in contracts relating to the co-partnership, made with innocent third parties."

Collyer, Partnership, Sec. 445.

"Each partner being the agent of the firm, the firm is liable for his torts committed within the scope of his agency, on the principle of *respondeat superior*," 1 Bates, Partnership, Sec. 461.

Story, in his work on Partnership, Sec. 108, bases the rule upon which the firm is bound by the frauds committed by one partner in the course of the transactions and business of the partnership, when the other partners have no connection with, knowledge of or participation in the fraud, upon the principle that "by forming the partnership the partners declare themselves to the world satisfied with the good faith and integrity of each other, and impliedly undertake to be responsible for what they shall respectively do within the scope of partnership concerns."

On a review of the whole case we are of opinion that the decree of Judge Cooper should be affirmed.

*J. A. Magoon*, for plaintiff.

*W. R. Castle*, for defendants.