## JAMES DOWDELL, petitioner.

Suffolk.    September 7, 1897. — November 5, 1897.    .

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Habeas Corpus — Statute — Constitutional Law — Commitment of the Insane.*

The provisions of Pub. Sts. c. 87, § 12, as amended by St. 1894, c. 195, and § 13, as amended by St. 1894, c. 493, and St. 1895, cc. 286, 429, relating to the commitment of the insane, do not violate the provisions of the Declaration of Rights, Article 12, or the Fourteenth Amendment to the Constitution of the United States, and are constitutional.

PETITION, filed August 6, 1897, for a writ of *habeas corpus.* Hearing before *Lathrop,* J., who ordered the petition to be dismissed, and, at the petitioner's request, reported the case for the determination of the full court.   The facts appear in the opinion.

*J. J. McCarthy,* for the petitioner.

*F. T. Hammond,* Assistant Attorney General, for the Commonwealth.

ALLEN, J.   The only ground for the petitioner's discharge which is set forth in the petition, or relied on in argument, is that the provisions of statute under which he was committed are unconstitutional, as being in violation of Article 12 of the Declaration of Rights, and of the Fourteenth Amendment to the Constitution of the United States.   The former provides that no subject shall be deprived of his liberty but by the judgment of his peers, or the law of the land.   The latter, that no State shall deprive any person of liberty without due process of law.

So far as the Declaration of Rights is concerned, it has been twice determined that a person who is in fact insane is not entitled to be discharged from a hospital on *habeas corpus,* provided the court is satisfied that the restraint and treatment there will be beneficial to him.   *In re Oakes,* [1845] 8 Law Rep. 122.   *Denny* v. *Tyler,* 3 Allen, 225.   In both of these cases, the person was committed without any previous hearing, and without the order of any judge.   It was held that the provision of the Declaration of Rights is not of universal appli-

cation, and that it does not entitle an insane person to be set at liberty, if restraint is proper under the circumstances of the particular case.

In the present case, it must be assumed from the petition, report, and argument, that the petitioner is in fact insane, and that the restraint and treatment of the hospital are beneficial to him. The case therefore falls directly within the decisions cited.

As a matter of construction, the same considerations would apply to the Fourteenth Amendment of the Constitution of the United States. If, however, the language of that Amendment should be deemed applicable to cases of insane persons who are held under a wholesome and beneficial restraint at the instance of their relatives or friends, then it would be necessary to determine whether the petitioner is deprived of his liberty without due process of law. He was committed to the hospital, under the provisions of Pub. Sts. c. 87, § 12, as amended by St. 1894, c. 195, and § 13, as amended by St. 1894, c. 493, and St. 1895, cc. 286, 429, upon the application of his daughter, by the special justice of the police court of Chelsea. It is not denied that the commitment was in accordance with the provisions of the statutes, which apply alike to all the inhabitants of this Commonwealth. These statutes do not in terms require any notice to the person alleged to be insane, before the order of commitment is signed; and probably no such notice is required by construction, in view of the long usage to the contrary in this Commonwealth. But ample provision is made by later sections of the same chapter for his discharge afterwards by any two of the trustees of the hospital, or, upon judicial proceedings, by a justice of the Supreme Judicial Court, upon the written application of any person, if it appears that the person so confined is not insane, or that he is not dangerous to himself or others, and ought not longer to be so confined. Pub. Sts. c. 87, §§ 40–44.

The order of commitment settles nothing finally or conclusively against the person committed. It does not take from him the care or control of his property. It is not equivalent to the appointment of a guardian over him. *Leggate* v. *Clark,* 111 Mass. 308, 310. He is entitled as a matter of right to institute judicial proceedings under the statutes, to determine the necessity and propriety of his confinement. He is not denied the same

protection of the laws which is enjoyed by all other persons in the Commonwealth under like circumstances. He is not, therefore, deprived of liberty without due process of law, according to the judicial construction which has been put upon those words. *Marchant* v. *Pennsylvania Railroad*, 153 U. S. 380. *Hallinger* v. *Davis*, 146 U. S. 314, 321. *Caldwell* v. *Texas*, 137 U. S. 692. *Dent* v. *West Virginia*, 129 U. S. 114. *Missouri* v. *Lewis*, 101 U. S. 22. It has been declared repeatedly that the phrase " due process of law " does not of itself require a trial by jury in States where the usage and statutes are otherwise. *Montana Co.* v. *St. Louis Mining & Milling Co.* 152 U. S. 160, 171. *Hurtado* v. *People*, 110 U. S. 516. *Walker* v. *Sauvinet*, 92 U. S. 90. The Legislature, as *parens patriæ*, may to some extent make provision for the care of those who are unable to take proper care of themselves, as in the case of insane persons and neglected children. *Sohier* v. *Massachusetts General Hospital*, 3 Cush. 483, 497. *Farnham* v. *Pierce*, 141 Mass. 203. *Church of Jesus Christ* v. *United States*, 136 U. S. 1, 57, 58. And the right to institute judicial proceedings under the statutes is a sufficient protection of the liberty of the subject to meet constitutional requirements. *Wares, petitioner*, 161 Mass. 70, 74. *Miller* v. *Horton*, 152 Mass. 540, 543. *Farnham* v. *Pierce*, 141 Mass. 203. *Jones* v. *Robbins*, 8 Gray, 329, 341. *Chavannes* v. *Priestley*, 80 Iowa, 316. *Doyle, petitioner*, 16 R. I. 537.

So far as the present case is affected, the Fourteenth Amendment adds nothing to what was required by Article 12 of the Declaration of Rights.

The order dismissing the petition was right.

*Petition dismissed.*