DIEGO LE DONNE, petitioner.

Suffolk. December 8, 1898. — June 30, 1899.

Present: FIELD, C. J., HOLMES, MORTON, BARKER, & HAMMOND, JJ.

*Habeas Corpus — Statute — Constitutional Law — Petition by Insane Man convicted of Manslaughter.*

At the trial of a petition for a writ of habeas corpus it appeared that the petitioner was found guilty of manslaughter, and on July 12, 1894, was duly sentenced to the state prison for four years; and that shortly before the expiration of his imprisonment he was adjudged insane and was removed on the warrant of the Governor to the State asylum for insane criminals, pursuant to Pub. Sts. c. 222, § 10, where he was when the petition was brought. *Held*, that the petitioner was to remain in imprisonment as an insane person subject to be discharged on recovery like other insane persons, and that the statute was constitutional.

PETITION, for a writ of habeas corpus to the superintendent of the State asylum for insane criminals at the State farm in Bridgewater. The petition was brought by Charles Ofria in behalf of Le Donne. Hearing before *Lathrop*, J., who refused to grant the petitioner's prayer, and denied him the writ, and, at the request of the petitioner, reported the case for the consideration of the full court. The facts appear in the opinion.

*H. B. Emmons*, for the petitioner.

*J. M. Hallowell*, Assistant Attorney General, for the Commonwealth.

MORTON, J. The petitioner was found guilty of manslaughter, and on July 12, 1894, was duly sentenced to the state prison for four years. Shortly before his term would have expired he

was adjudged insane, and was removed on the warrant of the Governor to the State asylum for insane criminals, where he now is. It was agreed at the hearing before the single justice that he was still insane. The petitioner contends that he is entitled to be released as the term of his sentence has expired, or, if that is not so, that the Pub. Sts. c. 222, § 10, under which he was removed to the insane asylum, are unconstitutional.

We think that the plain implication of the statute is, that if a convict, who has been adjudged insane and has been removed from the state prison or the reformatory prison to the State asylum for insane criminals, recovers before the term of his sentence expires, he is to be returned to the prison from which he was removed in order that he may serve out the remainder of his sentence; but if he does not recover before his sentence expires, or if in the judgment of the superintendent and trustees of the asylum he should not be returned, he is to remain in confinement in the asylum as an insane person, subject to be discharged at any time, as in the case of other lunatics, when it appears that he is not insane, or is not dangerous to himself or to others, and ought not longer to be confined. Ample provision is made for the discharge of such persons, (Pub. Sts. c. 87, §§ 42–44, and St. 1898, c. 433, § 13,) and the Legislature, having provided for the removal of the convict to an insane asylum if he was found on examination to be insane, well may have been content to leave the matter of his discharge, if he was still insane at the expiration of his sentence, to be governed by the laws applicable to the discharge of other lunatics. The provision for his return to prison, " there to remain pursuant to the original sentence computing the time of his detention or confinement in the hospital [asylum] as a part of the time of his imprisonment," plainly implies that he is not to be returned unless a portion of his term of imprisonment remains unexpired. His continued confinement after the expiration of his sentence in an asylum for insane criminals would be in accordance with the policy established by the State, that the criminal insane or persons who have been vicious in their lives should be confined in an institution especially devoted to their care. St. 1894, c. 251. St. 1895, c. 390.

We discover nothing unconstitutional in the statute under which the petitioner was removed to the asylum and is detained

there. It is not unconstitutional because it authorizes the commitment and detention of an insane person without any previous hearing, or without an order from any judge. The petitioner " is entitled as a matter of right to institute judicial proceedings under the statutes, to determine the necessity and propriety of his confinement." The order of commitment settles nothing finally or conclusively against him. " And the right to institute judicial proceedings under the statutes is a sufficient protection " of his liberty " to meet constitutional requirements." *Dowdell, petitioner*, 169 Mass. 387.

The ruling of the court that the petitioner was not entitled to a discharge and denying the writ was correct and should be affirmed.                                    *So ordered.*