EVERETT C. BUMPUS *vs.* JULIA B. FRENCH.

Suffolk.    March 21, 1901. — May 23, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Constitutional Law*, Provisions securing personal liberty. *Insane Person*, Appointment of temporary guardian without notice.

Assuming, that the constitutional provisions securing personal liberty apply to proceedings for the protection of persons alleged to be insane, and that a law authorizing the appointment of a permanent guardian of an insane person without notice would be void, — St. 1900, c. 345, providing for the appointment of temporary guardians of insane persons without notice is constitutional. Such an appointment is founded on necessity and is limited to the time necessary to determine whether a permanent guardian should be appointed.

*Semble*, that under St. 1900, č. 345, providing for the appointment of temporary guardians of insane persons, although the appointment may be made without notice, it cannot take effect without the knowledge of the party concerned, who may apply at once to have the decree revoked and is entitled to a hearing if he wants it — a right implied from the nature of the case.

APPEAL from a decree of the Probate Court allowing the account of Everett C. Bumpus, Esquire, temporary guardian of Julia B. French. The petition for the appointment of a temporary guardian was filed in the Probate Court October 13, 1900, at the same time that a petition for the appointment of a permanent guardian was filed, both petitions alleging that Julia B. French was an insane person and incapable of taking care of herself, and on the same day the temporary guardian was appointed. On October 18, 1900, Julia B. French appeared by counsel and filed a petition for the removal of the temporary guardian, which was set down for hearing from time to time at

the same times as the principal petition.   On February 21, 1901, the petition for the appointment of a permanent guardian was dismissed by *Grant*, J., who decided that Julia B. French was not an insane person and did not require a guardian, and ordered that she be discharged from the temporary guardianship then in force.   Thereupon the temporary guardian presented to the court his account as such guardian.   The account was allowed, and from the decree allowing it the present appeal was taken. The objection to the allowance of the account was solely on the ground that St. 1900, c. 345, under which the temporary guardian was appointed, is unconstitutional.

It was agreed that Julia B. French had no notice of the filing of the petition for the appointment of a temporary guardian until after the decree had been entered thereon, and was not present or represented by counsel at the hearing on that petition.   The statute does not require such notice.   Upon the petition for the appointment of a permanent guardian, a citation was duly issued and served upon her on October 15, 1900, and in response thereto she appeared by counsel as above stated.

The case came on to be heard, before *Knowlton*, J., who reserved it upon the appeal and agreed statement of facts for the determination of the full court.

*R. M. Morse*, (*L. Bass, Jr.* with him,) for Julia B. French, the appellant, contended that St. 1900, c. 345, is in violation of the provision of article 12 of the Massachusetts Declaration of Rights, that no subject shall be deprived of his liberty but by the judgment of his peers, and the provision of the Fourteenth Amendment of the Constitution of the United States, that no State shall deprive any person of liberty without due process of law.

*A. Lord*, (*J. B. Sullivan, Jr.* with him,) for the temporary guardian.

HOLMES, C. J.   This is an appeal from the allowance of the account of a temporary guardian appointed by the Probate Court without notice to the ward, the appellant, pending a petition for the appointment of a permanent guardian on the ground of insanity.   This petition was dismissed after a hearing, and at the same time the appellant was discharged from the temporary guardianship.   The objection to the allowance of the account is taken on the single ground that the statute under which the

guardian was appointed, St. 1900, c. 345, is contrary to article 12 of the Massachusetts Declaration of Rights, and to the Fourteenth Amendment of the Constitution of the United States. This question is the only one argued, and is the only one which we shall consider. The appellant did not file a petition to revoke the decree appointing the guardian but only a petition that he might be removed.

We shall not consider whether the constitutional provisions relied on apply to proceedings for the protection of persons alleged to be insane. Woerner, Guardianship, 392, 393. *Black Hawk County* v. *Springer*, 58 Iowa, 417. *Chavannes* v. *Priestley*, 80 Iowa, 316. For assuming that they apply we are of opinion that the statute is constitutional. The great provisions intended to protect liberty and property cannot be read as extending with mathematical logic to every case where there is an unpaid for diminution of property rights or a temporary restraint of personal freedom without a hearing of both sides in court. It does not need argument to show that sometimes it may be necessary to impose such a temporary restraint without the delay required for a hearing and even before notice to the party restrained. Not to mention other instances familiar to the law, the necessity in cases of alleged insanity to protect the property until the principal question is decided has been recognized and acted upon many times under or possibly even without special authority of statute. *Matter of Heli*, 3 Atk. 635. *In re Pountain*, 37 Ch. D. 609. *In re Lawler*, Ir. Rep. 8 Eq. 506, 515. Shelford, Lunacy, (1st ed.) 127. *Matter of Wendell*, 1 Johns. Ch. 600, 603. *Matter of Kenton*, 5 Binn. 613. *In re Harris*, 7 Del. Ch. 42. And so, even more clearly, as to restraining the person. *Dowdell, petitioner*, 169 Mass. 387. *Denny* v. *Tyler*, 3 Allen, 225, 228, 229. *Matter of Oakes*, 8 Law Rep. 122, 124, 125.

A distinction is taken on the ground that in this case a guardian is appointed, and that this appointment is a judicial act and changes the status of the appellant. But the change is subject to instant revocation if it should appear to have been made under a mistake. Although the appointment may be made without notice, it cannot take effect without the knowledge of the party concerned, who may apply at once to have the decree revoked and is entitled to a hearing if he wants it. The act does not say

so in terms, but we are of opinion that the right is implied, and that this is all that the Constitution requires. *Le Donne, petitioner,* 173 Mass. 550, 552. *Dowdell, petitioner,* 169 Mass. 387. No doubt caution should be used and would be used to make sure that the temporary ward should have access to the court, and that means should be furnished to those representing him and opposing the principal petition. Shelford, Lunacy, (1st ed.) 127. No doubt, also, the appointment should be and is limited to the time necessary for the decision of the principal matter. St. 1900, c. 345, §§ 1, 5. *In re Lawler,* Ir. Rep. 8 Eq. 506, 514–516. But the mere fact that the temporary limitation of the ward's power is effected by the order of a judge and the appointment of a guardian, rather than by arbitrary physical constraint relying on necessity alone for its warrant, certainly does not bring up any new constitutional bar.

If, in the light of *Chase* v. *Hathaway,* 14 Mass. 222, embodied in Rev. Sts. c. 79, § 9, (see Commissioners' notes,) Gen. Sts. c. 109, § 8, Pub. Sts. c. 139, § 7, see *Gibson, appellant,* 154 Mass. 378, 380, 381, we assume that the appointment of a permanent guardian without notice would be void, and that the foregoing reasoning would not be enough to save it even when the court was satisfied that personal notice would be unsafe, (see *Matter of Blewitt,* 131 N. Y. 541, 547,) still we are of opinion that an appointment which in form and essence is provisional and temporary, and is founded on and limited by necessity, may be valid without notice, and that it was valid in this case. See *Porter* v. *Ritch,* 70 Conn. 235.

The practical working of the law was exemplified here. The petitions for the appointment of a permanent and a temporary guardian both were filed on October 13, 1900. Notice under the former was issued on the same day and the temporary guardian was appointed. On October 18 the appellant filed a petition for his removal, and this and the principal matter were heard and decided together. As we have said, there was no petition for a revocation of the decree, and it is apparent that when the appellant came before him the judge did not think it proper to review his action until he was ready to dispose of the whole case. No wrong was done, and there is no danger of wrong under a proper administration of the act.

*Decree affirmed.*