STATE EX REL. DELEGLISE, Appellant, vs. PARSONS, County Judge, Respondent.

*April 13—April 30, 1907.*

*Guardian and ward: Special guardians: Constitutional law: Due process of law.*

1. Sec. 3995c, Stats. (Supp. 1906; Laws of 1905, ch. 89), does not authorize the appointment of a special guardian after the appointment and qualification of a guardian, even though an appeal has been taken from the order of appointment and a stay of proceedings had.

[2. Whether sec. 3995c, Stats. (Supp. 1906; Laws of 1905, ch. 89), which provides for appointment of special guardians without notice, is valid, not determined.]

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is a *certiorari* proceeding brought to review the determination of the county court of Langlade county in appointing a special guardian for appellant, *Mary Deleglise.* The appeal here is from the judgment of the circuit court quashing the writ. It appears from the record that application was made on notice to the county court of Langlade county for the appointment of a guardian over the person and estate of the plaintiff, *Mary Deleglise;* that a hearing was had upon such application, and on the 30th day of December, 1905, one Edward Cleary appointed guardian, and letters of guardianship issued to him and he qualified as such guardian; that an appeal was duly taken to the circuit court for Langlade county from such order appointing him guardian and a stay of proceedings duly obtained; that after said appeal and stay, upon application made *ex parte* and without notice to the plaintiff, *Mary Deleglise,* the county judge of Langlade county made an order appointing said Edward Cleary special guardian, assuming to act under the provisions of ch. 89, Laws of 1905.

For the appellant there was a brief by *Goodrick & Good-rick,* and oral argument by *A. B. Goodrick.* To the point that ch. 89, Laws of 1905, contravenes sec. 1, art. XIV, Const. of U. S., in that it does not provide for "due process of law," they cited *Bertholf v. O'Reilly,* 74 N. Y. 509, 519; *Stuart v. Palmer,* 74 N. Y. 183; 8 Cyc. 1083, 1094; 16 Am. & Eng. Ency. of Law (1st ed.) 807; Cooley, Const. Lim. (4th ed.) 438; *Hovey v. Elliott,* 167 U. S. 409, 414; *In re Boyett,* 136 N. C. 415, 1 Am. & Eng. Anno. Cas. 729; *Dietz v. Neenah,* 91 Wis. 422, 429; *Schiltz v. Roenitz,* 86 Wis. 31, 40; *In re Bassett,* 68 Mich. 348, 36 N. W. 97; *In re Myers,* 73 Mich. 401, 41 N. W. 334; *Campbell v. Campbell,* 63 Ill. 462; *Chase v. Hathaway,* 14 Mass. 222.

For the respondent there was a brief by *T. W. Hogan* and *Foster & Morson,* and oral argument by *Mr. Hogan.*

KERWIN, J.   The question for determination upon this appeal is the authority to appoint a special guardian for the plaintiff, *Mary Deleglise,* under sec. 3995c, Stats. (Supp. 1906; Laws of 1905, ch. 89). This law is attacked as unconstitutional by counsel for appellant, and a very able and interesting argument is made upon the constitutionality of the law, which provides for the appointment of a special guardian without notice; but from the view we take of the case before us it is unnecessary to consider such question. Therefore we do not determine whether the law is constitutional or not. Sec. 3995c, Stats. (Supp. 1906; Laws of 1905, ch. 89) provides:

"When there shall be delay in appointing a guardian of a minor, insane person or other person subject to guardianship, or in issuing letters of guardianship to such guardian, occasioned by any contest concerning a guardian appointed in any will, or from any other cause, or when it shall appear to the satisfaction of the court to be necessary, the county court may appoint a special guardian for such ward, to act until the matter causing the delay shall be disposed of or the ne-

cessity therefor cease to exist. No appeal shall be allowed
from the appointment of such special guardian, and such
special guardian may be appointed without notice. Such spe-
cial guardian may be removed whenever the court may so
order."

It seems very clear from the foregoing section that the
purpose of the legislature in the enactment of this law was
to provide for the appointment of a special guardian in case
of delay in the appointment of a guardian for a minor, in-
sane person, or other person subject to guardianship, and for
another class of cases where there is a contest concerning a
guardian appointed in a will, or from other cause, or where
it shall appear necessary. The case before us clearly falls
within the first provision of this statute, respecting delay in
the appointment of a guardian. The provision for appoint-
ment of a special guardian in cases like the one before us
manifestly relates to ancillary proceedings pending the delay
in appointment of a guardian. All of the provisions of the
statute fairly imply that the special guardian is one to be
appointed pending delay in the appointment of a guardian,
and that after a guardian is appointed no right exists to ap-
point a special guardian, and, if a special guardian be ap-
pointed before the appointment of a guardian, the rights of
the special guardian are terminated upon the appointment of
the guardian. The statute by its terms shows this to be the
manifest intention of the legislature in providing that "when
there shall be delay in appointing a guardian of a minor, in-
sane person or other person subject to guardianship," a spe-
cial guardian may be appointed. Sec. 3995c, Stats. (Supp.
1906; Laws of 1905, ch. 89). Sec. 3995f of the same act
provides that the power of the special guardian "shall cease
upon the issuing of letters of guardianship to the guardian
of his ward." We think it clear that the provisions in this
act for the appointment of a special guardian in a case like
the one before us have reference to ancillary proceedings

merely before the appointment of a guardian, and that the court had no jurisdiction to appoint a special guardian of the plaintiff, *Mary Deleglise,* after the appointment and qualification of Edward Cleary as guardian. Statutes of this nature, against common right, and affecting in a measure the property rights and liberty of the party placed under guardianship, should not be extended beyond their plain meaning, and we think the language of this statute is clear that the jurisdiction of the court to appoint a special guardian in a case like the one before us terminated with the appointment and qualification of the guardian, although an appeal had been taken from the order of appointment and a stay of proceedings had. *In re Guardianship of Welch,* 108 Wis. 387, 84 N. W. 550; *Waterman v. Raymond,* 5 Wis. 185.

The plaintiff was entitled to her appeal from the order appointing Edward Cleary guardian and stay of proceedings, so that it might be determined in the appellate court whether the order in the county court was wrong. She was entitled, pending the appeal, to have the status preserved and to protection from any interference with her liberty or property rights until final determination of the question involved. The law affords her this right on appeal from the appointment of a guardian, and to allow the appointment of a special guardian pending the delay would be to allow to be accomplished indirectly what could not be accomplished directly, and thus defeat the protection afforded the appellant by appeal and stay of proceedings. We are satisfied that the county court had no jurisdiction to appoint a special guardian after appointment and qualification of the guardian. Therefore all proceedings respecting the appointment of Edward Cleary special guardian are void and should be set aside and vacated. Respondent relies upon *Bumpus v. French,* 179 Mass. 131, 60 N. E. 414; but an examination of this case discloses that the appointment of a temporary guardian was made before appointment of a permanent guardian. Hence the case in

no way conflicts with the conclusions at which we have arrived.

*By the Court.*—The judgment of the court below quashing the writ of *certiorari* is reversed, and the cause remanded with instructions to set aside and vacate the order and all proceedings respecting the appointment and qualification of Edward Cleary as special guardian of the appellant, *Mary Deleglise.*