IN THE MATTER OF THE PETITION OF J. ALFRED MAGOON, ON BEHALF OF JOHN ATCHERLEY, FOR A WRIT OF HABEAS CORPUS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED FEBRUARY 10, 1909.                    DECIDED FEBRUARY 11, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

HABEAS CORPUS—*insane person—appeal as supersedeas.*

An appeal in a habeas corpus case is properly advanced for hearing and the appeal operates as a supersedeas of the judgment appealed from. An appeal by the defendant lies from an order of a district magistrate committing a person to the insane asylum upon a finding by the magistrate that he is insane and that the public safety required his restraint until he became of sound

mind, but pending such appeal the order may be enforced upon good cause shown under Sec. 1861 R. L.

INSANE PERSONS—*due process of law.*

> Sec. 1116 R. L., authorizing the commitment of dangerous insane persons by district magistrates upon satisfactory complaint, construed in connection with Sec. 1662 R. L. giving such magistrates power to try and determine all statutory proceedings, requires a judicial trial with notice and opportunity to defend, and affords due process of law.

OPINION OF THE COURT BY HARTWELL, C.J.

Dr. John Atcherley, hereinafter named the petitioner, was brought before the district magistrate of Honolulu, January 11, last, under Sec. 1116 R. L., upon the sworn complaint of doctors Emerson and Sinclair that he was "insane and that the public safety requires his restraint until he becomes of sound mind, or is ordered to be discharged as by law provided and required." The magistrate, after hearing evidence of witnesses for the prosecution, who were cross-examined at length by the petitioner and his attorney, and of the petitioner's witnesses, on January 27 found that he was "insane and that the public safety requires his restraint until he becomes of sane mind," and committed him to the insane asylum. The petitioner thereupon applied to the third judge of the first circuit court and obtained an order releasing him from the custody of the superintendent of the asylum, which order was the same day rescinded. The following day, January 28, upon petition of the petitioner's attorney, the judge issued a writ of habeas corpus and after hearing the parties upon the return to the writ, which was not traversed, setting forth the proceedings above recited before the magistrate, made an order, January 30, that, on the ground of the unconstitutionality of the statute, the petitioner be released. From this order the superintendent appealed and February 6 moved that the cause be advanced for hearing and that the court make an order providing for custody of the petitioner

pending decision of the cause. The motion was heard February 8, the petitioner appearing in person and by his attorney and argument was set for February 10, the high sheriff being directed to hold the petitioner in custody at his home until further order of court under Sec. 2079 R. L.

The court held in *Ex parte Ah Oi,* 13 Haw. 534, that under the general statute an appeal lies in habeas corpus cases, saying (p. 539), with · reference to persons discharged and still in custody, "the appeals would seem to operate as a supersedeas in these as in other cases by the provisions of Section 71 of the Act of 1892." (Sec. 1861 R. L.) It was also held in that case (p. 540), of the provision (Sec. 2084 R. L.), "No person who has been discharged upon a writ of habeas corpus shall be again imprisoned or restrained for the same cause," etc., that "A prisoner is not discharged within the meaning of this clause until his case is finally determined." This appears to us to be the only way in which the appeal can be made effective in such cases, and accordingly we so rule.

The petitioner contends that the statute was unconstitutional under which he was committed to the insane asylum upon the finding of the magistrate that he was insane and that the public safety required his restraint until he became of sound mind or was ordered to be discharged as by law provided inasmuch as the statute fails to require notice to he given him of the charge and an opportunity to defend himself against it, this being claimed to be essential to securing the right of personal liberty by due process of law.

The respondent urges that in practice the statute always has been construed as requiring such notice and opportunity to be given and that this is a reasonable and proper construction, but that if, notwithstanding the practice, the court, in view of the wording of the statute, does not feel justified in so construing it then Sec. 1118 R. L., giving circuit judges power to discharge any person confined in the asylum upon application to them,

if upon examination they should be satisfied that such person is of sound mind, affords full protection to personal liberty within the meaning of constitutional requirements as was held in *Dowdell, Petitioner,* 169 Mass. 387.

There is no occasion, however, to discuss the various decisions which are cited for and against these views since the authority of district magistrates "in all statutory proceedings" is defined by the statute, Sec. 1662 R. L., as jurisdiction "to try and determine the same, subject to appeal according to law." There cannot be a judicial trial and determination of the facts in issue unless the party proceeded against is notified of the charge and given an opportunity to be present at the trial, cross-examine witnesses produced against him and present any legal evidence affecting the issue to be tried, this being the essential meaning of the words in the statute conferring upon the magistrate power to hear any complaint against the petitioner and the two statutes taken together effectively disposing of objection to the unconstitutionality of Sec. 1116 R. L. when taken alone. "The essential elements of due process of law are notice and opportunity to defend. In determining whether such rights were denied we are governed by the substance of things and not by mere form." *Simon v. Craft,* 182 U. S. 428, 436.

It therefore follows that the district magistrate's order of commitment was valid, and the only question remaining is as to the proper custody of the petitioner pending his appeal from that order, his right to an appeal being clear not only from the broad construction given to the general statute in *Ex parte Ah Oi,* 13 Haw. 534, but from the specific language of Sec. 1662 R. L. Under Sec. 1861 R. L. an appeal duly taken and perfected operates as a supersedeas, subject to the power of the district magistrate, upon good cause shown, to allow appropriate action to be taken for the enforcement of his order pending appeal, as provided in that section. The petition in this case recites that an appeal in writing was duly noted but does not

state that it was perfected. Upon the record before us, therefore, the petitioner should be remanded to custody under the order of commitment, and it is so ordered.

*J. A. Magoon* for petitioner.

*C. R. Hemenway, Attorney General,* and *J. W. Cathcart, County Attorney,* for respondent.