PEDRO BAUTISTA AND FRANCES BAUTISTA *v.* THE HONORABLE D. H. CASE, JUDGE OF THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT OF THE TERRITORY OF HAWAII, AND GEORGINA ALEXANDER.

No. 1444.

ORIGINAL.

ARGUED NOVEMBER 4, 1922.                    DECIDED JANUARY 4, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*supersedeas*—*habeas corpus.*

> Under our statutes an appeal duly taken and perfected, in a *habeas corpus* case relating to the custody of a child, from a circuit judge at chambers to the supreme court operates as an arrest of judgment and stay of execution.

HABEAS CORPUS—*temporary custody of person.*

> The power granted to the court under R. L., Sec. 2744, to "place under special care and custody" the person in whose behalf a writ of *habeas corpus* is issued, exists only "until judgment is given" and cannot be exercised by the circuit judge after the entry of final judgment in his court. Upon appeal the same power is by the same section vested in this court.

OPINION OF THE COURT BY PERRY, J.

(Peters, C. J., dissenting.)

Georgina Alexander, one of the respondents in the case

at bar, instituted *habeas corpus* proceedings to secure the possession of her minor child which had been for some months in the actual custody of the two respondents in that case, the present petitioners. The trial court made an oral order that pending the determination of the case the child should remain in the custody of the present petitioners; and it did so remain. After trial the court entered a decree reading as follows:

"It is the judgment, order and decree of this court that the care, custody and control as well as the possession of the minor child of the said Georgina Alexander be and the said child is hereby awarded to the said mother.

"It is the further order of this court that the said Georgina Alexander shall have the care, custody, control and possession of the said child pending any further proceedings or any appeal in this said cause, the right of the said Georgina to take the child to be effective upon the signing of this decree."

This decree was rendered and filed at 4:01 P. M. on October 28, 1922. At 4:15 P. M. of the same day the respondents filed and perfected their appeal from the decree above quoted to this court. On October 30, 1922, upon motion on that day filed by the petitioner for an order commanding the respondents to show cause why they should not be adjudged guilty of contempt of court "for failure to obey the judgment, order and decree of this court wherein it was ordered that Georgina Alexander shall have the care, custody, control and possession of" the said minor "pending any further proceedings or any appeal in the said cause, the right of the said Georgina Alexander to take the said child to be effective upon the signing of this decree, which said order was made and filed in this court on the 28th day of October, 1922", an order was made requiring the respondents to appear at a time and place stated, to show cause why they should not be punished for "contempt of the order of this court as

herein set forth." This order to show cause recited that from the petitioner's motion it appeared that the respondents had "failed and refused to obey and comply with the order of this court, wherein it was ordered" that the petitioner "shall have the care, custody, control and possession" of the minor "pending any further proceedings or any appeal in the said cause, the right of the said Georgina Alexander to take the said child to be effective upon the signing of this decree." Thereupon the respondents filed their petition in this court asking for a writ of prohibition; and a temporary writ was issued.

The question now is whether this writ shall be made perpetual. As we construe the order to show cause, the alleged contempt therein referred to consisted of the failure to obey the second portion of the decree, to wit, that relating to the custody of the child pending any proceedings on appeal and had no reference to any violation of the final decree proper awarding the custody of the child to the petitioner. It is true that R. L., Sec. 2744, provides that the court in a *habeas corpus* case "may place" the child "under special care and custody, as circumstances may require;" but as stated in the same section that may be done only "until judgment is given." When as in the case at bar an appeal is taken from the decree in a *habeas corpus* case, the power to provide for the temporary custody of the child or other subject of the proceeding pending a hearing of the appeal rests with the appellate court and not with the court whose decree is appealed from. The court below had the power mentioned in section 2744 with reference to the custody of the child until judgment was in that court given but after the rendition of that judgment the power under the same section passed to this court.

The decree in a *habeas corpus* case made by a circuit judge in chambers is appealable to this court (R. L.,

Sec. 2508) : *In re Ah Oi,* 13 Haw. 534; *In re Pahia,* 13
Haw. 575; and *In re Atcherley,* 19 Haw. 346. And an
appeal duly taken and perfected in a *habeas corpus* case
operates as an arrest of judgment and stay of execution
(R. L., Sec. 2510) ; *In re Ah Oi* and *In re Atcherley,*
*supra.* These cases clearly state the view of this court
upon these two points. The decisions appeal to us as being
sound and we know of no reason for reconsidering them.
They were rendered after elaborate arguments and very
careful consideration at a time and under circumstances
rendering these particular questions of very great impor-
tance not only to the parties to the litigation but to the
community at large. Nor do we know of any reason for
holding that when the subject of the *habeas corpus* pro-
ceeding is a child the rule is any different from that which
applies when the subject is a grown person or an inmate
of a prison. The statute makes no such distinction. If
there are considerations which should lead to a different
rule in the one case from that which applies in other
*habeas corpus* cases, they are considerations which should
be addressed to the legislature and which cannot influence
the decision of this court. As said by the court in *Gold-
smith* v. *Valentine,* 35 D. C., App. Cs. 299, 301 : "The argu-
ment that the welfare of the child would be subserved by
such an order is, we think, entirely beside the question. If
as counsel contend upon the issuance of the writ of *habeas
corpus,* the child, metaphorically speaking, was placed
upon the knee of the court, we may answer that upon the
perfecting of said appeal, that custody was transferred to
this court." If section 2744 sufficiently protects the child
pending a hearing in the lower court,—and the legislature
has said that it does—it likewise sufficiently protects the
child during the hearing in this court.

We regard the appeal in this case as having been taken
and perfected, to all intents and purposes, *immediately*

upon the rendition of the decree. Greater diligence and expedition could scarcely be required or expected of an appellant in the perfection of an appeal than was shown in the proceedings here under review. Unless the papers had been drawn and other steps prepared for before the rendition of the court's decree (something not contemplated by the statute), it is difficult to imagine that the preparation and perfection of the appeal would require less than the fourteen minutes of time which intervened between the filing of the decree and the perfection of the appeal. The decree simply "awarded" the child to the petitioner. No steps looking to the enforcement of that decree, by an order to the sheriff or otherwise, were taken during that interval of fourteen minutes. The presumption is and must be that the court below regarded the respondents as entitled to an appeal under the statute and as entitled to a reasonable allowance of at least the time here taken for the preparation and perfection of their appeal. To hold that during this interval of fourteen minutes the respondents were in contempt of court for not delivering the child to the petitioner and for not thus altering its status would be to require a similar holding where the interval of time is ten minutes, five minutes or only one minute. To so hold would be in fact a denial to the respondents of the right which the statute gives them to appeal and to obtain by that appeal an arrest of the judgment and of every part thereof and a stay of execution. The attempted order of temporary custody made as a part of the final judgment was arrested by the immediate appeal as fully and effectually as was the permanent award of custody.

On both grounds, therefore, to wit, that after the rendition of the judgment and the practically immediate perfection of the appeal the court below was without jurisdiction to further control the temporary custody of the child

and that the appeal arrested the judgment and operated as a stay of execution and deprived the lower court of the power to punish for contempt or to enforce the main portion of the decree, we are of the opinion that the writ of prohibition should be made perpetual. An order to this effect will be signed upon presentation.

*S. B. Kemp* for petitioners.

*Wendell F. Crockett* for respondents.

### DISSENTING OPINION OF PETERS, C. J.

I respectfully dissent. In my opinion the provisions of section 2510, R. L. 1915, providing that an appeal duly perfected operates as an arrest of judgment and stay of execution need be considered only so far as respondents' general appeal affected the ancillary order of temporary custody included in the final judgment. If the circuit judge had jurisdiction to make such an order and it was not arrested by respondents' appeal then the circuit judge cannot be prohibited from taking cognizance of its disobedience and proceeding accordingly. Whether the respondents were also guilty of disobeying the main portion of the judgment which was responsive to the writ, and whether an appeal duly perfected arrested the main portion of the judgment are beside the question. If the circuit judge had jurisdiction in the contempt proceedings for any purpose prohibition does not lie and the writ should be dismissed.

The circuit judge clearly had jurisdiction to punish the respondents for their disobedience of the order of temporary custody while the cause was pending before him and prior to the perfection of the appeal by the respondents. If, as the majority hold, an appeal duly perfected to the supreme court from the judgment of the circuit judge at chambers awarding custody of an infant to the petitioner in *habeas corpus* proceedings operates under the

provision of section 2510, R. L. 1915, as an arrest of judgment and stay of execution then the word "judgment" as employed in section 2744, R. L. 1915, means "final judgment" similarly as the word "discharge" in section 2749, R. L. 1915, means "final discharge" (so held in *Ex parte Ah Oi,* 13 Haw. 534), and the circuit court, until the cause is removed by appeal, and thereafter this court on appeal and until "final judgment" have authority to make ancillary orders of temporary custody. Such authority was exercised by this court in *Re Atcherley,* 9 Haw. 346, upon appeal from the judgment of a circuit judge at chambers discharging the petitioner upon *habeas corpus* proceedings. If this authority may be exercised in this court on appeal after the judgment of the circuit judge I see no good reason for denying its exercise by the circuit judge upon the entry of judgment in anticipation of and pending the perfection of the appeal to this court by the party aggrieved by the judgment. Otherwise an hiatus would occur between the judgment and the perfection of an appeal during which neither the circuit judge nor this court could make any ancillary order of temporary custody and thereby and until "final judgment" give relief from the conditions which the *habeas corpus* proceedings were sought to correct. Moreover an appeal duly perfected does not abrogate or supersede such order of temporary custody. It continues in force after removal on appeal and until the same authority granted by section 2744, R. L. 1915, is invoked in and exercised by this court.

Nor was the ancillary order of temporary custody contained in the judgment of the circuit judge subject to appeal. At and prior to the entry of judgment in the circuit court the possession by the respondents of the infant subject to the proceedings was solely by reason of the order of temporary custody made by the judge upon the return to the writ. Theirs was simply the physical

custody of the child.   Its possession was in the judge issuing the writ.   The custody of the respondents was subject to the supervisory control, modification or change of the judge.   That the judge transferred the possession of the infant to its mother is immaterial.   If he had authority to make the order the possession of the child could have been transferred to a third party.   That matter lay entirely in the judicial discretion of the judge.   The respondents had no interest in the change of temporary custody entitling them to an appeal from that portion of the judgment in respect thereto.   To the temporary change of possession the respondents as the representatives of the court could not complain.   They had no such interest entitling them to an appeal.   Their only interest lay in such ultimate award as the court might make after its determination that the retention of the child by the respondents was illegal.

The writ of prohibition should be dismissed.