JOHN D. GARDINER *vs.* WILLIAM F. JARDINE &
another.

Middlesex.    March 9, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Probate Court*, Jurisdiction, Decree.   *Insane Person.   Guardian.*

If, upon a petition, which alleged that a certain person was insane and was incapable of taking care of himself and which sought the appointment of a temporary guardian under G. L. c. 201, § 14, a decree is entered reciting that, after a hearing, " it appears to the court that the welfare of " such person " requires the immediate appointment of a temporary guardian," such decree necessarily implies that the allegation of insanity in the petition was proved.

A decree appointing a temporary guardian of an insane person under G. L. c. 201, § 14, may be made without notice.

It is not necessary that a petitioner under G. L. c. 201, § 14, for the appointment of a temporary guardian of one alleged to be an insane person shall be one who has a pecuniary interest or whose private rights are affected or who is related to the alleged insane person.

Any person, even a stranger, who believes that the welfare of a minor, insane person, or spendthrift, requires that a temporary restraint immediately should be placed upon such person or his property, is a " person in interest " under G. L. c. 201, § 14, and may petition for the appointment of a temporary guardian: the statute properly construed is broad enough to include those who have a genuine humanitarian interest in the persons mentioned in the statute unable properly to care for themselves or their property. Per CROSBY, J.

It is not necessary that a petitioner, seeking the appointment under G. L. c. 201, § 14, of a temporary guardian of one alleged to be insane, should be one who would have a right of appeal from a decree denying the petition.

*Whether* such a petitioner, who had no pecuniary interest or personal right affected by the proceedings, would be authorized to appeal from a denial of the petition, was not decided.

A decree under G. L. c. 201, § 14, appointing a temporary guardian of one adjudged to be insane, may be entered without the appointment of a guardian *ad litem* of the person alleged to be insane.

PETITION, filed in the Probate Court for the county of Middlesex on December 19, 1922, by one alleging himself to be " uncle and heir presumptive " of Dorothy Davies Gordon, seeking a revocation of a decree of that court entered on June 14, 1922, appointing William F. Jardine her temporary guardian, the grounds of the petition being alleged to be that Dorothy D. Gordon had no notice of the petition for such appointment or of the hearing thereon, that no notice was given to the petitioner for revocation, that no guardian *ad litem* was appointed for Dorothy D. Gordon, and that the petitioners for the appointment, William F. Jardine and E. Maud Jardine, were not related to Dorothy D. Gordon.

The petition for revocation was heard by *Leggat*, J. The petition for appointment of a temporary guardian contained allegations that Dorothy Davies Gordon was an insane person, unmarried, and that her only heirs apparent or presumptive were six persons, who did not include the Jardines, the petitioners, and one of whom was John D. Gardiner, the petitioner for revocation of the decree. The decree of appointment is described in the opinion.

The petition for revocation was dismissed. The petitioner appealed.

*J. L. Sheehan*, (*J. S. Spencer* with him,) for the petitioner.
*R. W. Nason*, for the respondents.

CROSBY, J. The respondents on June 14, 1922, filed a petition in the Probate Court for the county of Middlesex, praying for the appointment of the respondent William F. Jardine or some other suitable person as temporary guardian of Dorothy Davies Gordon who was therein alleged to be an insane person and incapable of taking care of herself. Thereafter on the same day, without notice, a decree was entered in which it was recited that " After a hearing of the matter of said application, it appears to the court that the welfare of said Dorothy Davies Gordon requires the immediate appointment of a temporary guardian." It was further therein decreed that a temporary guardian of the person and estate of said Dorothy Davies Gordon be appointed; and that William F. Jardine be appointed such temporary guardian, he first giving bond with sufficient sureties for the due performance of such trust. On December 19, 1922, John D. Gardiner filed a petition in the Probate Court alleging that he was an uncle and heir presumptive of the ward, and praying for reasons therein set forth that the decree appointing Jardine as temporary guardian be revoked. A citation issued on this petition which appears to have been served as ordered. On the return day the petition was dismissed and the petitioner Gardiner appealed. The proceedings for the appointment of the respondent as temporary guardian were in conformity with the provisions of G. L. c. 201, § 14.

1. The petitioner for revocation, Gardiner, contends that the appointment of a temporary guardian can be made only upon an express adjudication that the ward is insane; and that there was no finding to that effect by the judge of probate. This contention is not tenable. The recital in the decree that " it appears to the court that the welfare of said Dorothy Davies Gordon requires the immediate appointment of a temporary guardian," necessarily implies that the allegation in the petition that she is an insane person was proved.

2. As the decree rightly construed includes a finding that the ward is insane, the court was authorized to enter the decree without notice, as the statute (§14) expressly provides that the appointment may be made " with or without notice."

In construing a similar statute it was said by Holmes, C.J., in *Bumpus* v. *French*, 179 Mass. 131, at page 133: " It does not need argument to show that sometimes it may be necessary to impose such a temporary restraint without the delay required for a hearing and even before notice to the party to be restrained.   Not to mention other instances familiar to the law, the necessity in cases of alleged insanity to protect the property until the principal question is decided has been recognized and acted upon many times under or possibly even without special authority of statute. . . . Although the appointment may be made without notice, it cannot take effect without the knowledge of the party concerned, who may apply at once to have the decree revoked and is entitled to a hearing if he wants it."   It does not appear from the record that the decree was entered without the knowledge or consent of the ward or that she has ever made any objection thereto.

3. The objection that the petitioner is not included within the class of persons who may properly bring such a petition cannot be sustained.   The statute (§14) authorizes certain officials therein named " or other person in interest " to bring the petition.   A person in interest within the meaning of the statute need not be one having a pecuniary interest or whose private rights are affected or who is related to the alleged insane person.   We are of opinion that any person, even a stranger, is a " person in interest " under the statute if, acting in good faith, he believes that the welfare of a minor, insane person, or spendthrift, requires that a temporary restraint should be immediately placed upon such person or his property.   The statute properly construed is broad enough to include those who have a genuine humanitarian interest in the persons mentioned in the statute unable properly to care for themselves or their property,   It would be too narrow a construction to hold that no one was sufficiently interested to bring such a petition unless he had a pecuniary or private right of property in the proceedings; especially when we consider the fact that the restraint of the ward's power is limited to the time necessary for the appointment of a permanent guardian.   *Bumpus* v. *French, supra.*

4. The objection that a person in interest, under the statute, must have a right of appeal from an adverse decree to be interested, cannot be sustained. Whether such a petitioner having no pecuniary interest or personal right affected by the proceedings is authorized to appeal from an adverse decree, is a wholly different question and need not be determined. We have examined the cases cited by the respondent; they are not applicable to proceedings under the statute in question as we construe it.

The court was authorized to enter the decree appointing a temporary guardian without the appointment of a *guardian ad litem.*

As we find no error of law in entering the decree appointing a temporary guardian, or in dismissing the petition for a revocation of that decree, the entry must be

*Decree affirmed with costs.*