The writ of error was brought at the last May term, and was continued to this term; and now the opinion of the Court was delivered by
Parsons, C. J.
This case comes before us by a writ of error, sued by the guardian of Robert Winslow against Robert Anderson, clerk of a military company, to correct the errors of certain proceedings had before a justice of the peace, in which the plaintiff" in error was convicted of an offence, in neglecting to appear, armed and equipped according to law, at a company muster, after due notice. And error in fact is assigned, that the plaintiff* in error was an infant, and did not appear by guardian, but was convicted on default, to which assignment there is a demurrer.
On inspecting the record, it appears that a writ of error does not lie in this case; but the record ought to have been certified on certiorari granted on motion to the Court. As this mistake has been frequent, the Court have sometimes proceeded to correct the errors, as on certiorari, where it appeared that a certiorari would have been granted on motion. But, if the mistake be continued, we shall be obliged to quash the writ of error, as having improperly issued, in order to introduce a necessary regularity into practice.
In the present case, we shall consider the record, as if it was certified to us on a writ of certiorari; and therefore we [*377] * cannot take any notice of the error in fact, assigned, and not appearing on the record, as having any influence on our opinion.
Whitman and Longfellow for the plaintiff in error.
Mellen for the defendant in error.
It appears that the justice imposed a fine of five dollars and thirty-three cents for the neglect of appearance at a company muster or review. By the sixth section of the statute of 1805, c. 114, a penalty is imposed of four dollars for every default of appearance, armed and equipped, at a battalion or regimental muster, and of two dollars for the like default at a company muster. These penalties are imposed in lieu of the fines provided in the nineteenth, twentieth, and twenty-fourth sections of the statute of 1793, c. 14. No other forfeiture can now be incurred. And these penalties are forfeited, notwithstanding the arms and equipments of the soldier are on the parade, if he be absent, or if he is present without his arms and equipments. The justice has, therefore, mistaken the penalty, and, on this account, the proceedings must be quashed. We have had this question before us in the cases of Savage vs. Gulliver, and Pratt vs. Hall, (1) in Suffolk, and the whole Court, after full consideration, were of the opinion which we now declare, (a)
Although we have taken no notice of the alleged infancy of the plaintiff in error, in forming our opinion, yet, as a part of the militia are minors, and the settlement of the question may prevent frequent disputes, we have considered the validity of that error as before us, and we are all of opinion that the proceedings are not erroneous for that cause, (b)
The proceedings against the infant are not civiliter, as upon a contract, or quasi ex contractu, but criminaliter, for an offence against law; and, in these proceedings, he may appear and answer in person, for the same reason that to an indictment for an offence against an infant he may personally answer. If the law were otherwise, no proceedings could be had against infants, having no guardian appointed by the Probate Court, to recover penalties for offences committed by them; for, in those cases, a justice is not authorized by law to assign guardians to them.

Let the proceedings he quashed.

 Vide, ante, pages 239, 171.

 [Vide, post, Edgar vs. Dodge, 670. — Ed.]

6} [Ball vs Brigham, 5 Mass. Rep. 406. — Ed.]