WILLIAM B. BELCHER *vs.* DANIEL JOHNSON.

A justice of the peace in Chelsea has no jurisdiction of a complaint against a member of a company of militia in that town for violation of the militia law. Exclusive jurisdiction of such complaint is given to the justices' court for the county of Suffolk

THIS was a petition for a writ of *certiorari* to bring up the record of proceedings before a justice of the peace in the town of Chelsea, on a complaint against the petitioner for his unnecessarily neglecting to appear at the inspection of a company of militia in that town, on the first Tuesday of May, 1838. It appeared from a copy of said proceedings, that said justice rendered judgment against the petitioner, on the complaint of the respondent, for four dollars fine or forfeiture, and costs of prosecution.

*E. Smith,* for the petitioner, denied that the justice had jurisdiction of the matter of the complaint. By Rev. Sts. *c.* 87, § 11, the justices' court for the county of Suffolk has exclusive jurisdiction in all civil actions in the county of Suffolk. This, though a proceeding which has some of the incidents of criminal process, is substantially a civil action. *Winslow* v. *Anderson,* 4 Mass. 376. *Dyer* v. *Hunnewell,* 12 Mass. 271. *Mariner* v. *Dyer,* 2 Greenl. 172. *Hinman* v. *Taylor,* 2 Connect. 357. *Hill* v. *Wells,* 6 Pick. 104.

*J. Dana,* for the respondent, said that the justices in Chelsea had uniformly taken cognizance of complaints of this nature, and had relied on *Winslow* v. *Anderson,* 4 Mass. 377, where it was said by *Parsons,* C. J. that "the proceedings are not *civiliter,* as upon a contract, or *quasi ex contractu,* but *criminaliter,* for an offence against law." In 12 Mass. 273, it is said, that "in some views this process may be considered as a criminal one." In order to deprive the justices of Chelsea of jurisdiction, it should be shown that the process is wholly civil. If it partakes at all of a criminal nature, their jurisdiction is not taken away.

DEWEY, J. The petitioner asks for a *certiorari,* that the

proceedings before the magistrate may be quashed, on the ground that he had no jurisdiction of the subject matter.

By the Rev. Sts. *c.* 87, regulating the police and justices' court, established in the city of Boston, it is enacted in § 10, that there shall be a court for the trial of civil actions, to be held by one or more of the justices of the police court, which shall be called the justices' court for the county of Suffolk ; and it is also further enacted in § 11, that the said justices' court shall have and exercise exclusively the same jurisdiction in all civil cases in the county of Suffolk, that is exercised by justices of the peace in other counties. If the proceeding instituted before the justice, which was the foundation of the judgment rendered against the petitioner, is properly denominated a civil action, then no other justice of the peace for the county of Suffolk, than one of the police justices, had jurisdiction of the subject matter ; and the fact, that the cause of action accrued in the town of Chelsea, does not vary the right of jurisdiction.

The form of proceeding, to enforce the collection of forfeitures for neglect of military duty, is somewhat peculiar, and in some respects differs from ordinary civil actions.

But the inquiry here is, not as to its precise similarity to ordinary civil actions, but as to its more general characteristics indicative of its falling within the civil or criminal jurisdiction.

The form of proceeding is very material to be considered in determining the present question. It is not by any means decisive, that the object of the law in granting the remedy was to punish a public offence. If it were so, *qui tam* actions would necessarily be held to be criminal actions. Many of our statutes give two distinct remedies for violations of statute prohibitions, or omissions to do certain required acts ; as proceeding by an indictment, or by a *qui tam* action, or sometimes by an action upon the case. The act intended to be punished by all these various modes, is one and the same, yet the remedies, or the suits given by the statute, are clearly distinguishable into civil and criminal.

A comparison of the present case with that of *Hill* v. *Wells,* 5 Pick. 104, which was a suit under the statute of 1785, *c.* 66,

13 *

and which the court was of opinion might properly fall within the jurisdiction of the criminal courts for the county of Suffolk, will show, that many of the tests there relied on are wanting here. The suit in that case was founded upon a complaint made under oath, a warrant was issued returnable forthwith and upon the adjudication of the court not being complied with, the respondent might have been immediately committed to prison. There were also other circumstances in that case, arising from the apparent want of jurisdiction, in the civil courts of Suffolk, of the subject matter.

The question before us was incidentally spoken of in the opinions of the court, in the cases of *Winslow* v. *Anderson*, 4 Mass. 376, and *Dyer* v. *Hunnewell*, 12 Mass. 271 ; but there was no adjudication upon the precise point. In the former of these cases, the tendency of some of the remarks of the learned judge, who delivered the opinion of the court, is somewhat favorable to the position, that this proceeding is a criminal process ; but in the latter, the opinion of the court, that the provisions of the " act for the relief of poor prisoners who are committed by execution for debt," (*St.* 1787, *c.* 29,) are applicable to cases of prisoners committed on execution for non-payment of militia fines, seems more in accordance with the doctrine, that this proceeding is a civil one. Applying the form of proceeding as a test of this question, the suit is more properly classed with civil than criminal cases. This appears from the institution of the process in the name of the clerk, on his complaint not under oath ; in the use of a summons, instead of a warrant ; in the right of amendment at any stage of the proceedings ; and in the form in which judgment is rendered and execution issued. In the opinion of the court, this case was cognizable only by the justices' court for the county of Suffolk, to be held by one or more of the justices of the police court of the city of Boston, and the petitioner is therefore entitled to a certiorari.

*Writ of certiorari granted*