## LEDRICK *v.* UNITED STATES.

CRIMINAL LAW; INFANTS; PLEA OF GUILTY; APPEAL AND ERROR.

1. A criminal prosecution is not a suit at law within the meaning of sec. 102, D. C. Code (31 Stat. at L. 1205, chap. 854 as amended 32 Stat. at L. 523, chap. 1329), making it the duty of the court to appoint a guardian *ad litem* for an infant defendant.

2. The appointment of a guardian *ad litem* is not essential to the conviction, upon a plea of guilty, of an infant of criminal capacity.

3. An infant cannot be convicted of a crime upon a plea of guilty, unless it is established that he is of criminal capacity, and understands the nature and consequences of his plea of guilty.

4. In sentencing an infant accused, on a plea of guilty, the trial court will be presumed, on appeal from the denial of a motion in arrest of judgment, to have performed its duty first to satisfy itself that the infant was of criminal capacity, and understood the nature and consequences of his plea of guilty.

No. 2650. Submitted October 5, 1914. Decided November 2, 1914.

HEARING on a writ of error to the Juvenile Court of the District of Columbia to review a judgment convicting defendant of the crime of petit larceny.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This case is before us on writ of error to the juvenile court to review a judgment of that court convicting plaintiff in error, Allen B. Ledrick, a youth of thirteen years of age, and sentencing him to the custody of the board of children's guardians during his minority.

The information, founded on an affidavit filed by the father of the plaintiff in error, charged the plaintiff in error, together with James W. Blaine, James E. Martin, and Herbert A. McKay, with the theft of $30, property of said August Ledrick.

The judgment of the court reads that said Allen B. Ledrick was tried on January 16, 1914, defendant being present in court, and after hearing all the evidence, the court adjudges that he, being under the age of seventeen years, is guilty of the crime of petit larceny, and it is therefore ordered that he be committed during minority to the care of the board of children's guardians of the District.

Bill of exceptions recites that the said Allen B. Ledrick appeared in open court, and without counsel entered a plea of guilty to the charge, and then and there on said day was adjudged guilty and committed to the care of the board of children's guardians. The defendant, acting through his natural guardian, his father, and by counsel, filed a motion in arrest of judgment, which was overruled, and application thereon for writ of error was granted by this court.

The point made by the assignment of errors is that the judgment is void because of the conviction of the infant on his plea of guilty, without the appointment of a guardian *ad litem.*

*Mr. Albert Sillers* and *Mr. Edwin Forrest* for the plaintiff in error.

*Mr. Conrad Syme,* Corporation Counsel, and *Mr. Gus A. Schuldt,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The single question is whether an infant defendant in a criminal case can be convicted on a plea of guilty without the appointment of a guardian *ad litem* to represent him.   Reliance is placed upon sec. 102 of the Code [31 Stat. at L. 1205, chap. 854, as amended 32 Stat. at L. 523, chap. 1329], which provides that:

"Whenever an infant is a party defendant in any suit, in equity or at law, the subpœna or summons issued in such suit shall be served upon him personally, and also the person with whom he resides if under sixteen years of age, if within the District, and said infant shall in such case be produced in court, unless, for cause shown, the court shall dispense with his appearance; and it shall be the duty of the court to appoint a suitable and competent person guardian *ad litem* for such infant, to appear for and defend such suit on his behalf, and whenever in the judgment of the court the interests of such infant shall require it the court shall assign a solicitor or attorney to represent such infant, whose compensation shall be paid by the plaintiff, or out of the estate of such infant, at the discretion of the court."

The contention is that a criminal prosecution is a suit at law, and is therefore governed by the said section.

Taking this section in connection with other provisions of the Code, we think that it was intended to apply only to civil proceedings wherein an infant is a party at interest.   It is declaratory of the prevailing practice in such cases.   In a criminal proceeding an infant may be arrested and brought before the court, and may personally answer to an indictment without the appointment of a guardian *ad litem*.   If of the age when criminal responsibility attaches, the infant defends in person or by attorney, and may plead guilty.   *People ex rel. Sammons* v. *Wandell,* 21 Hun, 515, 517; *Winslow* v. *Anderson,* 4 Mass. 376, 377; *Ex parte White,* 50 Tex. Crim. Rep. 473, 474, 98 S. W. 850.

It has also been held that he may be convicted on his own confession when of capacity to commit crime.  *Martin* v. *State*, 90 Ala. 602, 610, 24 Am. St. Rep. 844, 8 So. 858; *Carr* v. *State*, 24 Tex. App. 562, 569, 5 Am. St. Rep. 905, 7 S. W. 328.

It is the duty of a court not to receive a plea of guilty in the case of an infant, and not to permit him to be convicted unless his capacity to commit crime has been satisfactorily shown, and that he understands the nature and consequences of his plea of guilty.

On this motion in arrest, it must be presumed that the court satisfied himself in both respects.  He was not bound to appoint a guardian *ad litem,* and there is no error in the judgment.  It is therefore affirmed.                              *Affirmed.*