JOHN D. RICHARDSON, PRO AMI *vs.* CHARLES DUNN, JR.

Cumberland.     Opinion September 12, 1929.

E. W. Pike, for petitioner.
Leonard L. Campbell, County Attorney, for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, BASSETT, FARRINGTON, JJ.

WILSON, C. J.   A petition for writ of *habea corpus* to obtain the release of John D. Richardson, a minor under sixteen years of age, from the custody of the State School for Boys, to which he was committed under the statutes of this state by the judge of the Municipal Court for the City of Rockland upon conviction of the crime of larceny.

The ground upon which it is claimed that the minor was unlawfully committed is that no notice of the fact of his arrest and of the time and place of his trial was given to his parents, guardian, or legal custodian under Sec. 3 of Chap. 263, P. L., 1909, now Sec. 17 of Chap. 137, R. S., 1916.

On the hearing below, the writ was denied. The Justice hearing the petition found as a fact that the minor was not confined in jail or in any police station prior to his trial. The case is before this court on exceptions to the ruling denying the petition. The exceptions must be overruled.

If the notice required under Sec. 17, Chap. 137, R. S., were a jurisdictional fact and the facts existed requiring such notice, *habeas corpus* would be a proper remedy to procure the release of this minor, but neither did the facts exist requiring such notice nor is the giving of the notice required under the section referred to a

jurisdictional prerequisite to a trial of a minor for having violated the criminal laws of this state.

At common law, the procedure in criminal cases against a minor, *doli capax*, were the same as in case of an adult. No guardian need be appointed. He could appear.and plead by an attorney, and no notice to his parents or guardian was necessary before trial or conviction of an offense against the laws of his state or country. *Word's Case*, 3 Leigh (Va.), 805, 810, 4 Blackstone Com., 22; 1 Chitty Crim. Law, 411; 31 C. J., 1096.

In some states it has been held error to permit him to plead by guardian. *Word's Case*, supra. In re Rousos, 119 N. Y. S., 34; *People* v. *Wunsch*, 198 Ill., App., 437, 440; also see *Winslow* v. *Anderson*, 4 Mass., 376.

It is true that it is frequently provided in the statutes creating private institutions for the care of neglected children that, before committing a minor to such an institution, notice shall be given to the parents or one of them, not because a parent is entitled to such notice in case a minor is charged with an offense which may result in his being committed to jail or a reformatory established by the state for the detention and training of youthful offenders, — though the parents be, during his detention, in effect deprived of custody; but under such special statutes enacted for the protection and training of children, and under which the minor may be committed to a private institution, it is generally expressly provided that notice shall be given parents or a guardian upon the theory that the proceedings have the effect of taking the custody of children away from parents or their legal guardian, and is regarded as a jurisdictional prerequisite. Where, however, the proceeding is before a common law court or a court vested with common law jurisdiction over crimes and where the commitment is to a public institution controlled by the state, no such notice is necessary, unless expressly required by a statute.

This distinction is recognized in the case cited by petitioner's counsel. *People* v. *N. Y. Cath. Protectory*, 101 N. Y., 195, 202; also see 31 C. J., 1104-1107, Secs. 229, 231, 235.

Such provisions are to be found in this state in Chap. 64, R. S., 1916, providing for the welfare of neglected children, Sec. 53.

The statute invoked by the petitioner in the case at bar is a part

of the statute enacted in 1909, Chap. 263, P. L., creating a probation officer. The provisions of Sec. 3 of the Act were obviously enacted with a view of preventing children of tender years from being thrown into associations with adults confined in jail before convicted of any offense, and relate more particularly to his release on the personal recognizance of a parent or by being placed in the charge of a probation officer pending his trial.

When a minor is arrested, the personal recognizance of a parent may be taken by the officer making the arrest. In case he is detained "in a jail or police station," the officer is required to notify the parents and the probation officer of the time and place of trial; and prior to the trial, on application to the Court, the minor may be placed in charge of the probation officer.

Failure to notify the parents under such condition by the officer making the arrest may be sufficient ground for a continuance by a magistrate acting according to the procedure at common law until notice to the parent, if it is deemed necessary, can be given. Failure on the part of the officer, however, to so notify parents or the probation officer does not deprive a court proceeding according to the common law of jurisdiction of a criminal offense.

In the case at bar, the facts found by the court below did not require such notice. Notice to parents in case of arrest for an offense is only required under Sec. 17, Chap. 137, R. S., when the minor is confined in jail or detained in a police station. The minor in this instance was not detained at either place. The record before this court does not disclose when the arrest was made or the conditions under which he was brought before the court.

Whether the legislature should have gone farther and required notice to parents in all cases of arrest of minors for any offense before trial by any court, we are not concerned. The law-making body has not yet done so. The court can only enforce the law as it finds it. The common law did not require such a notice, and upon the facts found by the court below neither did the statute in this instance.

*Exceptions overruled.*