ANNA ROBINSON *vs.* COMMONWEALTH.

Suffolk.     May 15, 1922. — July 5, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Error, Writ of. Supreme Judicial Court,* Jurisdiction. *Parent and Child. Infant. Practice, Criminal,* Appeal. *Delinquent Child.*

Upon a petition in the Supreme Judicial Court for a writ of error where the errors assigned are errors of law and the plea is *in nullo est erratum* and there are no other issues, the case properly may be transferred to the docket of this court.

In proceedings under G. L. c. 119, §§ 52, 54, a judge may permit an appeal taken by a parent in behalf of his minor child from a sentence of the latter to an industrial school as a delinquent to be withdrawn by the child without the consent and in the absence of the parent.

WRIT OF ERROR, issued December 19, 1921, to the Justice of the District Court of Lawrence upon the petition of Anna Robinson, a minor, by her father, Michael Robinson, as her next friend, filed in the Supreme Judicial Court on December 19, 1921.

The proceedings in the District Court are described in the opinion. The errors assigned were as follows:

"1. Because the judge acted improperly in taking action on the matter of the sentence in the absence of the father, who had responded to the summons and who had departed from the court room in the full and justified belief that the proceedings in said court were terminated.

"2. Because an appeal claimed by the parent of a' juvenile offender is a legal and valid appeal, and cannot be waived except by the parent or with his or her consent.

"3. Because the judge erred in allowing to be withdrawn the appeal, legally taken by the father of the said Anna Robinson in her behalf, otherwise than by the said parent claiming the appeal, or by or with his consent."

The answer filed by the Commonwealth was a denial of any error in the proceedings.

G. L. c. 119, §§ 55, 56, so far as material, are as follows:

"Section 55. If a child has been summoned to appear or is brought before such court upon a warrant, as provided in the preceding section, a summons shall be issued to at least one of its parents, if either of them is known to reside within the town where such child was found, and, if there is no such parent, then to its lawful guardian, if there is one known to be so resident, and if not, then to the person with whom such child resides, if known. Said summons shall require the person served to appear at a time and place stated therein, and show cause why such child should not be adjudged a wayward child or delinquent child, as the case may be. If there is no such parent, guardian or person who can be summoned as aforesaid, the court may appoint a suitable person to act for such child. . . .

"Section 56. . . . A child adjudged a wayward child or delinquent child may appeal to the Superior Court, and such child shall, at the time of such adjudication, be notified of his right of appeal. . . ."

The case was submitted on briefs.

*M. A. Flanagan & J. J. Fox, Jr.,* for the plaintiff in error.

*J. W. Allen,* Attorney General, *& A. C. York,* for the defendant in error.

JENNEY, J. A complaint was made to the judge of the District Court of Lawrence on October 27, 1921, that Anna Robinson, a minor, thirteen years old, was a delinquent child (G. L. c. 119,

§§ 52, 54), and a summons was issued to her and to Michael Robinson, her father, requiring them to appear at a time and place stated to answer to said complaint.  On the day specified and after trial, Anna Robinson was adjudged a delinquent child and sentenced to the Industrial School for Girls at Lancaster, an institution supported by the Commonwealth for the custody, care and training of delinquent or wayward children or juvenile offenders, and of all children committed thereto.  G. L. c. 119, § 58; c. 120, § 2. From this sentence the father appealed in her behalf; this appeal was on the same day withdrawn by Anna Robinson in the absence of her father while the court was still in session; thereupon the former sentence was affirmed and the minor was committed to the industrial school.

In this petition for a writ of error brought by Anna Robinson by her father as next friend, she contends that the commitment was unlawful because the judge had no right to permit the withdrawal of the appeal claimed by the parent because that action could not be taken in his absence or except by his act or consent.

Inasmuch as the errors assigned were errors in law and the plea of the Commonwealth was *in nullo est erratum* and there were no other issues, the case was properly transferred to the docket of the full court.  G. L. c. 211, § 5.  *Bailey* v. *Edmundson,* 168 Mass. 297.  *Conto* v. *Silvia,* 170 Mass. 152.  *Perkins* v. *Bangs,* 206 Mass. 408.

Proceedings under G. L. c. 119, §§ 52–63, are not deemed criminal, and it is provided in § 53 that they "shall be liberally construed so that the care, custody and discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that, as far as practicable, they shall be treated, not as criminals, but as children in need of aid, encouragement and guidance."  Careful provision is made as to notice to the parent and as to his appearance.  When practicable the time for his presence is directed to be that fixed for the appearance of the minor.  It is clear, however, that the statute does not regard the father as strictly a party defendant in proceedings against the child for the latter's delinquency.  The true intendment of the statute is satisfied if the parent is given opportunity to be fully heard.  *Fitzgerald* v. *Commonwealth,* 5 Allen, 509.  *Fanning* v. *Commonwealth,* 120 Mass.

388. The respective rights of parent and child are carefully defined. The latter only is given the right of appeal. The parent is summoned to appear so that a full hearing may be had, the responsibility for delinquency properly determined, and an order made as to the custody of the child with full knowledge of conditions existing in the home. The judge is not bound to sentence a delinquent child; he may place him on probation. A parent having the custody or control of a delinquent child who is found to have knowingly or wilfully encouraged or participated in the delinquency may be punished. G. L. c. 119, § 67, which is applicable to proceedings of the character now considered, provides that a child under fourteen held to prosecute an appeal to the Superior Court, if unable to furnish bail, shall be committed to the care of the department of public welfare or of a probation officer. The bail is furnished by the child and no provision is made for commitment to the care of the parent in case of inability to furnish it.

The appeal taken was that of the child, and the judge could permit its withdrawal without the consent of the father and in his absence. In this respect, the rights of the minor did not differ from cases under the general criminal law. The statute expressly provides that "the appeal . . . shall be entered, tried and determined in like manner as appeals in criminal cases," the only exception being the requirement that the appeal shall be heard in a session devoted for the time being exclusively to juvenile cases. G. L. c. 119, § 56. This section expressly provides that R. L. c. 278, § 18, so far as it relates to recognizance in appealed criminal cases shall be applicable.

In criminal proceedings an infant may appear and answer in person. *Winslow* v. *Anderson,* 4 Mass. 376. An infant is bound by his recognizance conforming to the authorized provisions of the statute. Such an obligation is one imposed upon the minor by the express provisions of law. *McCall* v. *Parker,* 13 Met. 372. *Conefy* v. *Holland,* 175 Mass. 469. *Fagin* v. *Goggin,* 12 R. I. 398. *New York Trust Co.* v. *Brewster,* 241 Mass. 155.

It is strongly urged that this result should not be reached because the statute declares that "proceedings against children" thereunder "shall not be deemed criminal proceedings," but they may result in commitment to reformatory institutions. Recog-

nizances are taken as in criminal cases, and appeals are entered, tried, and determined as in such cases. See *Farnham* v. *Pierce*, 141 Mass. 203; *Weber* v. *Doust*, 81 Wash. 668.

' The statutes do not indicate or provide that there may be an appeal by the parent in his own behalf, or that an appeal in behalf of his child shall be subject to his control. The father is summoned to appear to show cause why the child should not be adjudged a statutory delinquent, not to act for the minor. *Kelley, petitioner*, 152 Mass. 432. *Wares, petitioner*, 161 Mass. 70. This direct provision as to the father is not enlarged by indirection because of the provision as to the appointment of a person to act where the parent, guardian or person with whom the child resides cannot be summoned.

Where it is intended that an appeal may be taken by a person other than the child, it is expressly so provided in the chapter now construed. By G. L. c. 119, § 47, a child, parent, guardian or person appearing in behalf of such child, or the department of public welfare, may appeal from the adjudication upon a complaint charging that a child is "neglected" under the statute. This broad authorization of appeal in such cases has been in the statutes for many years. St. 1886, c. 330, § 2. St. 1900, c. 397, § 3. R. L. c. 83, § 38. St. 1903, c. 334, § 6. But in the statute as to delinquent children, St. 1906, c. 413, no such provision has been made.

In the opinion of a majority of the court no error of law has been shown.

*Judgment affirmed.*