LAWRENCE SYLVESTER *vs.* COMMONWEALTH.

Middlesex.    March 24, 1925. — July 10, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Delinquent Child. Practice, Criminal,* Appeal, Proceedings as to delinquent child. *Error, Writ of,* Demurrer.

*It seems,* that if the Commonwealth demurs to "the assignment of errors" in a petition by a minor between the years of seven and seventeen for a writ of error seeking the reversal of a sentence for a crime, it admits the truth of the assignment of errors of fact so far as they are legally assignable and that the record is true as to the assignment of errors of law, while denying that either is sufficient to reverse the judgment.

A boy between the ages of seven and seventeen years was charged in a juvenile court under G. L. c. 119, §§ 52–64, with being a delinquent child, and that he did break and enter in the day time a certain building with intent to commit larceny and did steal therein $20. Before the trial the complaint was read to the boy by the judge. No formal plea thereto was made or entered of record, but an informal plea of not guilty was made. Thereafter the trial proceeded. Evidence was received from the complainant. No testimony on oath or affirmation was received. At the close of the hearing, the plaintiff was adjudged to be a delinquent child and was ordered to make restitution in a certain amount. The case then was continued from time to time, and finally the boy appeared in court and was ordered committed to the Lyman School for Boys. He claimed no appeal at any time. In a petition by him for a writ of error to reverse the sentence, he assigned as errors that the conviction, sentence and confinement were unlawful for the following and other reasons: that they were in violation of the Thirteenth and Fourteenth Amendments to the Federal Constitution; that the plaintiff could not be lawfully convicted without the testimony of witnesses under oath; that he was not notified of his right to appeal; and that he could not be sentenced to confinement at the Lyman School for Boys during his minority, as such term would be in excess of the maximum penalty for the crime of breaking and entering. *Held,* that no error of law was shown.

PETITION, filed in the Supreme Judicial Court for the Commonwealth on June 4, 1923, for a writ of error seeking the reversal of a judgment of the Third District Court of Eastern Middlesex sentencing the plaintiff in error to confinement in the Lyman School for Boys for a term of eleven years and four months.

The writ of error and *scire facias* issued. The Commonwealth filed a demurrer "to the assignments of error" in the petition described in the opinion and, without waiving the demurrer, answered. Material facts are described in the opinion. The case was reported to the full court by *Pierce*, J.

*C. W. Rowley*, for the plaintiff in error.

*A. C. York*, Assistant Attorney General, for the Commonwealth.

CROSBY, J. This is a writ of error brought by the plaintiff in error (a minor) by his father and next friend, and is before us on a report of a single justice of this court.

The plaintiff in error was brought before the Third District Court of Eastern Middlesex on February 4, 1922, upon a complaint alleging that he is a boy between the ages of seven and seventeen years, that he is a delinquent child, and that he did break and enter in the day time a certain building with intent to commit larceny and did steal therein $20, the property of one Wenckevicz. After hearing, he was adjudged to be a delinquent child and was ordered to make restitution in a certain amount. The case was continued from time to time, and on April 21, 1923, he appeared in court and was ordered committed to the Lyman School for Boys.

The report recites that the single justice found as a fact that before the trial the complaint was read to the plaintiff in error by the court; that no formal plea thereto was made or entered of record, but an informal plea of not guilty was made by the plaintiff in error; and that thereafter the trial proceeded. The single justice further found that at the trial no witnesses were sworn or affirmed to testify; that evidence was received from the complainant; and that no testimony on oath or affirmation was received.

The assignment of errors, a copy of which was inserted in the *scire facias*, alleges that the conviction, sentence and confinement are unlawful for the following and other reasons: that they were in violation of the Thirteenth and Fourteenth Amendments to the Federal Constitution; that the plaintiff could not be lawfully convicted without the testimony of witnesses under oath; that he was not notified of his right to

appeal; and that he could not be sentenced to confinement at the Lyman School for Boys during his minority, as such term would be in excess of the maximum penalty for the crime of breaking and entering.

The defendant in error demurred to the assignment of errors upon the following grounds: "1. That said assignment of errors discloses no invalidity in said proceedings; 2. That the exclusive remedy of the petitioner was by appeal"; and without waiving its demurrer, answered to the petition and pleaded *in nullo est erratum.* By the demurrer it admits the truth of the assignment of errors of fact so far as they are legally assignable, and that the record is true as to the assignment of errors of law, while denying that either is sufficient to reverse the judgment. *Perkins* v. *Bangs*, 206 Mass. 408.

The statute, G. L. c. 119, §§ 52–64, under which the plaintiff in error was committed, relates to delinquent children, and expressly provides in § 56 that "A child adjudged a wayward child or delinquent child may appeal to the Superior Court, and such child shall, at the time of such adjudication, be notified of his right of appeal." If the plaintiff in error was not notified of his right of appeal as required by the statute, he nevertheless was entitled to appeal from the adjudication. The record discloses that the original summons was left with the father of the plaintiff in error, and seemingly a separate summons was also served on the father.

Under G. L. c. 119, § 56, an appeal, if taken, must be entered, tried and determined in like manner as appeals in criminal cases, except that it shall be held in a session set apart and devoted for the time being exclusively to the trial of juvenile cases, of which a separate docket shall be kept. The rights of the child and his parent are carefully guarded. The former alone is given the right of appeal; but in the case at bar he did not claim it. *Robinson* v. *Commonwealth*, 242 Mass. 401. The appeal must be taken forthwith or is assumed to have been waived. *Renado* v. *Lummus*, 205 Mass. 155. *Mariano* v. *Judge of District Court of Central Berkshire*, 243 Mass. 90, 93.

It may be added that, although the appeal is to be entered,

tried and determined like appeals in criminal cases, the complaint and prosecution in the district court appear to have been under G. L. c. 119, §§ 52–72, relating to "Delinquent Children." Such proceedings are not deemed criminal proceedings. These sections of the law "shall be liberally construed so that the care, custody and discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that, as far as practicable, they shall be treated, not as criminals, but as children in need of aid, encouragement and guidance." § 53. *Farnham* v. *Pierce,* 141 Mass. 203. *Kelley, petitioner,* 152 Mass. 432. *Wares, petitioner,* 161 Mass. 70. *Dowdell, petitioner,* 169 Mass. 387, 389. *Purinton* v. *Jamrock,* 195 Mass. 187, 202. *Robinson* v. *Commonwealth, supra.*

No error of law is shown.

*Judgment affirmed.*