## MARY L. WRIGHT, petitioner.

Suffolk.     January 5, 1966. — January 14, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Mentally Ill Person. Jurisdiction,* Mentally ill person. *Supreme Judicial Court,* Jurisdiction. *Homicide. Practice, Criminal,* Acquittal by reason of insanity.

A petition lies under G. L. c. 123, § 91, for discharge from a State hospital of one who had been committed thereto under § 101 upon being acquitted of manslaughter by reason of insanity.

PETITION filed in the Supreme Judicial Court for the county of Suffolk on March 31, 1965.

The case was reserved and reported by *Reardon, J.,* without decision.

*Bernard J. Snee (Raymond F. McColough* with him) for the petitioner.

*Warren K. Kaplan,* Assistant Attorney General, for the Commonwealth.

REARDON, J. In this case the petitioner has applied to the single justice under G. L. c. 123, § 91, for the discharge of Eddie C. Berry, her father, from the Bridgewater State Hospital. The case comes to us on report by the single justice without decision. On March 23, 1965, Berry was found not guilty of manslaughter by reason of insanity and, pursuant to the requirements of c. 123, § 101, was committed to Bridgewater State Hospital for life. He is still an inmate of that institution. The Commonwealth has stipulated that Berry is not now insane.

The single question in this case is whether a person committed under § 101 is one who has been "confined as an insane person" within the meaning of § 91, which says, "Any person may make written application to a justice of the supreme judicial court at any time and in any county, stating that he believes . . . that a person . . . is confined as an insane person . . . and ought not longer to be so confined . . . ." Section 101 reads as follows: "If a person indicted for murder or manslaughter is acquitted by the jury by reason of insanity, the court shall order him to be committed to a state hospital or to the Bridgewater state hospital during his natural life. The governor, with the advice and consent of the council, may discharge such a person therefrom when he is satisfied after an investigation by the department [of mental health] that such discharge will not cause danger to others." The Commonwealth argues that a petition brought under § 91 does not lie and that Berry must be remanded to other remedies.

By the terms of § 101 the occasion for commitment is a finding of insanity and thus § 91 would seem to apply. We find no words in § 101 which would lead us to a contrary conclusion. Indeed, the proximity in c. 123 of § 91 to § 101, and the breadth of the language of § 91 strongly indicate that the Legislature intended it to be a remedy for anyone "confined as an insane person," whether under § 101 or some other statute.

The question before us now was explicitly left open by this court in *Golden, petitioner,* 341 Mass. 672, 675. We are disinclined to follow anything in the dictum in the eighty year old decision in *Gleason* v. *West Boylston,* 136 Mass. 489, 490, regarding allocation of finances for "lunatic hospitals" which may be contrary to our present holding.

We therefore hold that the petitioner has properly applied for the discharge of Berry under § 91, and said discharge is to be granted.

*So ordered.*