JOHN KAUFFMAN, petitioner.[1] (and a consolidated case).[2] December 15, 1992. *Habeas Corpus. Mental Health.*

We consider whether two wards, subject to permanent guardianship and under substituted judgment treatment plans, may petition the court for writs of habeas corpus. See G. L. c. 248, § 35 (1990 ed.). In the Probate and Family Court Department, the respondents moved to dismiss the habeas corpus petitions. The probate judge allowed the motions. The petitioners appealed. The Appeals Court consolidated the two cases for the purposes of briefing and oral argument. We allowed the petitioners' applications for direct appellate review. We affirm the dismissal of the habeas corpus petitions.

---

[1]The respondents are Matthew Israel, Priscilla Kauffman, his guardian, and Department of Mental Health.

[2]Mark Laurenza, petitioner. The respondents are Behavior Research Institute, Inc., Matthew Israel, Anthony Laurenza, his guardian, and Department of Mental Health.

The two petitioners involved are patients at Behavior Research Institute, Inc. (BRI), a residential program that makes use of aversive treatments.[3] Each has been the subject of a guardianship proceeding and each is currently under a substituted judgment treatment plan, which the Probate Court supervises. Neither petitioner appealed from the guardianship proceedings or the proceedings determining the treatment plan.

Both petitioners filed petitions for writs of habeas corpus and requested equitable relief. The petitioners claimed that they were being "illegally and unlawfully restrained of [their] liberty" at BRI. Each petitioner asserts that his confinement at BRI against his will was without due process of law, in violation of G. L. c. 248, §§ 35-36, and therefore that his petition for a writ of habeas corpus should have been allowed. Neither petitioner sought immediate release; rather, both wanted alternate placements.

Under G. L. c. 248, § 35 (1990 ed.), "[n]o person shall be deprived of his liberty or held in custody by any person or in any place against his will . . . except by due process of law." "Habeas corpus is the historic remedial process whenever it appears that one is deprived of his liberty without due process of law in violation of the Constitution of the United States." *O'Leary, petitioner*, 325 Mass. 179, 184 (1950). Where there is a right of appeal, however, habeas corpus "cannot be employed as a substitute for ordinary appellate procedure." *Crowell* v. *Commonwealth*, 352 Mass. 288, 289 (1967). Consequently, petitions for writs of habeas corpus may not be used to raise issues that should have been raised on appeal. See *Dirring, petitioner*, 344 Mass. 522, 523-524 (1962) (no habeas corpus relief granted where petitioner did not bring an alleged error below before the court through appropriate appellate procedure).

"[A] petitioner for a writ of habeas corpus must show that he or she is entitled to be released from restraint by the particular respondent or respondents named in the petition." *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham*, 386 Mass. 848, 852 (1982).[4] The petitioners are not requesting that they be released immediately. Instead, they wish to

---

[3]Aversive treatments include pinching, squeezing, spanking, cold sprays, physical restraint, and electric shocks. One device used to administer electric shocks is called SIBIS (self-injurious behavior inhibiting system). A second device, the graduated electronic decelerator (GED), administers stronger electrical shocks. Staff of BRI may administer the shocks by remote control should the ward behave in a prohibited manner.

[4]A petitioner requesting habeas corpus relief also must show that she or he has exhausted all applicable administrative remedies. See *Construction Indus. of Mass.* v. *Commissioner of Labor & Indus.*, 406 Mass. 162, 166 (1989). The judge determined that the petitioners did have other remedies available to them. In the view we take, we need not discuss this issue. The petitioners set forth no basis for equitable relief other than a disagreement with the guardianship and treatment plan proceedings, both of which they could have appealed.

be placed elsewhere. The dismissal of the habeas corpus petitions by the probate judge was correct.

*Judgments affirmed.*

*Ellen L. Nelson (John M. Coyne* with her) for the petitioners.

*Roderick MacLeish, Jr.*, for Behavior Research Institute, Inc., & others.

*Kenneth V. Kurnos & Alan J. Glass*, for Massachusetts Association of Approved Private 766 Schools, Inc., amicus curiae, submitted a brief.

*Bettina A. Briggs*, guardian ad litem, was present but did not argue.