Kottmyer, J.
INTRODUCTION
The defendant Massachusetts Port Authority (“Massport”) has moved for summary judgment on Count I of the Amended Complaint on the grounds that plaintiff Anastasios Kostelis (“Kostelis”) did not provide notice of his alleged injuries as required by G.L.c. 84, §19 and G.L.c. 91 App., §§1-23. Kostelis opposes the motion asserting that he complied with G.L.c. 84’s notice requirement by letter dated December 21, 1993 addressed to “David Leland, Massport, Risk Management Department." For the reasons set forth below, Massport’s motion for summary judgment is ALLOWED.
FACTS
The facts viewed in the light most favorable to the plaintiff are as follows.
The plaintiff suffered personal injuries on November 25, 1993, when he fell as a result of a defect in a public sidewalk for which Massport was responsible. By letter dated December 21, 1993, addressed to “David Leland, Massport, Risk Management Department” plaintiff provided notice of the injury detailing the time, place, extent and alleged cause of plaintiffs injuries. By letter dated December 30, 1993, Leland notified Massport’s insurer of the claim by Kostelis. The December 21, 1993 letter to Leland was the only notice provided to Massport by plaintiff.
DISCUSSION
General laws c. 84, §15 provides the exclusive remedy for a claim against Massport for personal injury due. to defects in a public way. A condition precedent to bringing an action under G.L.c. 84, §15 is written notice of injury to “any member of the Authority or to the secretary treasurer of the Authority.” G.L.c. 91, App., §§1-23. Member of the Authority *723 refers to the seven individuals appointed to the Authority by the Governor. Id., § 1. Massachusetts courts have strictly interpreted and enforced the notice provisions of G.L.c. 84, §§18 and 19. See, e.g., Wolf v. Boston Water & Sewer Commission, 408 Mass. 490, 492 (1990); Baird v. Massachusetts Bay Transp. Auth., 32 Mass.App.Ct. 495, 499, rev. denied, 413 Mass. 1011 (1992). Neither absence of prejudice nor the existence of actual notice cures a failure to comply with the notice provisions. See Ram v. Town of Charlton, 409 Mass. 481, 485 (1991); Botello v. Massachusetts Port Authority, Memorandum of Decision and Order on Defendant’s Motion for Summary Judgment, Middlesex Superior Ct., Civ. Action No. 96-1447 (Oct. 14, 1997), 7 Mass. L. Rptr. No. 29, 662 (February 9, 1998) (Gershengorn, J.). Because Leland, the individual to whom notice was given in this case, is neither a member of the Authority nor its secretary-treasurer, the notice is insufficient as a matter of law.[2]
CONCLUSION
For the reasons stated above, the defendant Massport’s Motion for Summary Judgment on Count I of the Amended Complaint is ALLOWED.

 Counsel for the plaintiff states by affidavit that he was advised by counsel for Massport “to direct” the notice to Mr. Leland. While the result in this case appears unduly harsh and an elevation of form over substance, the statute does not authorize amendment of its requirements by agreement or waiver of its requirements by a Massport employee.