McCann, J.
Wilfred H. Evicci is a pro se plaintiff. He is a resident at SBCC, Shirley, Massachusetts. Souza Baranowski Correctional Center (Center) and CO Oliver and Michael T. Maloney are represented by Nancy Ankers White, Esq. and Joel J. Berner, Esq.
FACTUAL BACKGROUND
The petitioner Wilfred H. Evicci (Evicci) was indicted by the Grand Jury for Middlesex County for aggravated rape, kidnaping and assault and battery. He was convicted of those offenses on December 9, 1996. He received a life sentence at Massachusetts Correctional Institution at Cedar Junction. On appeal, his conviction was affirmed. Commonwealth v. Evicci, 46 Mass.App.Ct. 1114 (1999), further appellate review den’d, 429 Mass. 1105 (1999). On June 7, 2001, the appeals court issued its unpublished decision concerning three motions for release from unlawful restraint filed by Evicci which affirmed the dismissal of those motions on the grounds that they sought to raise the same grounds as formed the basis for the direct appeal of his convictions. Commonwealth v. Evicci, 51 Mass.App.Ct. 1113 (2001). Evicci then filed a petition for Habeas Corpus in the Supreme Judicial Court. The matter was remanded to the Superior Court. The petition was dismissed. Evicci appealed. The court affirmed the dismissal on the ground that Evicci was not arguing that his lawfully imposed sentence had expired nor did he base his argument on grounds distinct from the issues at the indictment, trial, conviction or sentencing stage and stated that Evicci’s avenue of relief, if any, is pursuant to Mass.R.Crim.P. 30(a). Commonwealth v. Evicci, 55 Mass.App.Ct. 1103 (2002).
In this present action, Evicci is lawfully confined in the custody of the Massachusetts Department of Corrections. On September 25, 2003, he filed a pro se one-page complaint which seeks a Writ of Habeas Corpus. He alleges rather vaguely in his complaint to medical complaints for which he claims he did not receive proper attention, censorship of his legal mail and denial of access to library materials as well as claiming that he is being unlawfully held at Souza Baranowski Correctional Center. The named defendants in this action are Souza Baranowski Correctional Center and CO Oliver. This case has unnecessarily become complicated by a number of other allegations made by Evicci in various pleadings including allegations of inadequate medical attention, staff abuse, denial of access to library materials, improper censorship of legal mail. He has also filed a plethora of motions and other pleadings with various titles, affidavits, notices, memoranda, the basic tenor of which is to obtain video and/or satellite evidence and maps to support his contention that he did not commit the offenses for which he has been convicted and incarcerated.
Since October 31, 2003, Evicci has filed still another plethora of miscellaneous motions, letters and other pleadings with this court most of which are not related whatsoever to the habeascorpus petition. At present, 81 documents have been filed, almost all by Evicci. Other documents have been received by the court from Evicci and are awaiting docketing.
The defendants claim that no defendant has been served with a summons or complaint. The Court, however, did issue a Summons and Order of Notice on the Habeas Corpus Petition on October 9, 2003. Copies of that notice were sent by the Clerk to legal counsel for the defendants. No motions to dismiss were filed. The defendants apparently accepted the Clerk’s notice and each named defendant filed an answer. Neither answer raises any affirmative defense of lack of service. Defendants reference administrative directive 92-1 which requires all named parties in inmate litigation receive actual notice of the litigation. By virtue of the fact that the named defendants, Michael T. Maloney, Commissioner of Correction and CO Oliver, filed an answer is sufficient to conclude the issue of service against the defendants.
However, in the myriad motions and documents of Evicci filed with the court, he has raised multiple allegations against numerous department of corrections employees and officials who are not properly named and who have never been added as parties defendant nor have they been served and to that extent and in that respect, those motions should be disregarded.
Furthermore, the record and docket and papers are replete with clear evidence that Evicci randomly files papers without service on the defendants or defendants’ counsel. Although a prisoner is not held to the same standards in filing papers under Rule 9A, that does not relieve him of the obligation of filing copies or sending copies to the defendants so that they may properly respond to the same.
*430 On December 19, 2002, the United States District Court of Massachusetts adjudicated Evicci to be a “vexatious litigator” pursuant to the Prison Litigation Reform Act. The grounds were that he had filed three or more actions or appeals dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief can be granted.
Furthermore, in the response of the Department of Corrections to the petitioner’s Motion for Consideration of Damages (paper 72) claim that the matters raised in the various motions filed after Evicci’s complaint are not allegations raised in the original Petition for Habeas Corpus and are not properly before the court. The department acknowledges that the answer which was filed relates solely to the Petition for Habeas Corpus. It should not be construed as a general answer to all future allegations. That point is well taken by this Court, but the answer constitutes an appearance and notice of a Habeas Corpus Petition.
Numerous claims in the documents filed by Evicci subsequent to the complaint go not to the face of the allegations in the complaint but rather to the fact that he is being falsely accused of disciplinary infractions. The prisoner’s due process right with respect to the filing of a disciplinary report is subsumed within the procedures enunciated in Wolff v. McDonnell, 418 U.S. 539 (1974). If these procedures are followed, the prisoner’s due process right is protected regardless of the truth of the initial report. Chance v. Compton, 873 F.Sup. 82, 85 (W.D.Tenn. 1994). Correction officers cannot discipline prisoners for an improper purpose which is narrowly defined. However, there is a deference due to prison administrators in their attempts to secure the safety of prison staff and to preserve discipline in prisons. Sires v. Berman, 834 F.2d 9, 13-14 (1st Cir. 1987), Gomez v. Fair, 738 F.2d 517, 525 (1st Cir. 1984). Allegations of false discipline do not entitle a prisoner to a de novo trial of the charges by a court. It is the purpose of a court to determine what the disciplinary hearing accorded to the prisoner for false disciplinary charges should be brought whether the prisoner is accorded due process. No disciplinary hearings had been convened before Evicci even raised the issue. Therefore, that issue which is not related to the general allegations of the Petition for Habeas Corpus, but are instead raised by Evicci in a roundabout way by motion inside of his petition is not properly before the court.
A common sense reading of Evicci’s Petition for Writ of Habeas Corpus suggests that he is using the petition to challenge his indictment, trial, conviction and sentence. In re Stuart, 411 Mass. 566 (1992), indicates this is not the manner to proceed. The appropriate avenue to challenge an allegedly defective procedure is the ordinary appellate procedure not a Petition for a Writ of Habeas Corpus. In re Coffman, 413 Mass. 1010, 1011 (1992). Similarly, a Petition for a Writ of Habeas Corpus is not an appropriate method to raise issues that Evicci failed to raise on appeal. Id.
With all of that having been said, the plaintiff is free to file a motion for a new trial pursuant to Mass.R.Crim.P. 30(a). Rule 30 encompasses all motions for postconviction relief that challenges the sentence, conviction or confinement imposed. In re Stuart, supra. Each of Evicci’s claims relies on grounds not appropriate to state habeas corpus relief. Furthermore, the myriad documents filed by Evicci are neither for discoveiy, which is not appropriate in this present proceeding, but for the most part obfuscate what the claim is in the petition for habeas corpus. Consequently, motions for discoveiy of surveillance, videotapes, electronic equipment and maps which have been filed subsequent to the prior order of Fecteau, J., dated April 27, 2004, are likewise denied.
For the reasons set forth herein, the Petition for Habeas Corpus is DISMISSED. Furthermore, it was determined in the United States District Court in the case of Wilfred H. Evicci v. Michael T. Maloney, et al., Civil Action No. 01-12216-WGY, that Evicci was a frequent and prolific litigant in that court, citing nine cases not including that civil action in chief. This Court has taken the time and effort to read almost without exception all of the documents filed in this present action. It is clear from a common sense point of view that these documents are nonsensical and for the most part in no way apply to the simple allegation set forth in the Petition for a Writ of Habeas Corpus. If they are filed in good faith by Evicci, then he clearly does not understand the rules of civil procedure to which all litigants must adhere, including pro se litigants. If they are not filed in that context, then they are filed simply to obfuscate a record and compound the orderly administration of a superior court civil clerk’s office. With that in mind, this Court will follow the lead of the United States District Court and that of Botsford, J. in a similar case in Middlesex Docket No. 97-1826 and unless Evicci is found to be under imminent danger of serious physical injury, he must now submit the entire filing fee of $275 up front with any complaint he seeks to file in this court. Evicci is further enjoined from filing, submitting for filing or seeking to file any new civil action in Worcester County without first submitting the proposed complaint to the Regional Administrative Justice, Civil, for Worcester County for review. If the Regional Administrative Justice approves for filing the proposed complaint, it shall be entered in the Clerk’s Office upon payment of a filing fee of $275 and the case will be assigned to a regular civil session in Worcester County. If the Regional Administrative Justice declines to approve the proposed complaint for filing, the same shall not be filed but shall be returned to Evicci.
ORDER
On the Respondent’s Motion to Deny the Outstanding Habeas Corpus Petition, to dismiss all outstanding *431 motions and to further order that if the petitioner desires to pursue other allegations, he must first pay the full filing fee and then properly serve summonses and complaints:
(1) all outstanding motions are denied.
(2) Wilfred Evicci is enjoined from filing, submitting for filing or seeking to file any new civil action in Worcester County without first submitting the proposed complaint to the then Regional Administrative Justice, Civil, for Worcester County for review. If the Regional Administrative Judge approves for filing the proposed complaint, the same shall be entered in the Clerk’s Office upon payment of a filing fee of $275 and the case will then be assigned to a regular civil session in Worcester County. If the Regional Administrative Justice declines to approve the proposed complaint for filing, the same shall not be filed but shall be returned to Wilfred Evicci.
(3) the Petition for Habeas Corpus is DISMISSED.