In 2011, the petitioner was indicted for the second degree murder of Joseph Whitley. In 2013, he pleaded guilty to so much of the indictment charging him with voluntary manslaughter. After unsuccessfully seeking a writ of habeas corpus in the Supreme Judicial Court for Suffolk County, the petitioner refiled the petition in Superior Court where it was denied. On appeal, he claims that the judge erred in denying his petition without a hearing, and that the grand jury lacked subject matter jurisdiction to indict him. We affirm.
The habeas corpus statute, G. L. c. 248, § 1, states that "[w]hoever is imprisoned or restrained of his liberty may, as of right and of course, prosecute a writ of habeas corpus, according to this chapter, to obtain release from such imprisonment or restraint, if it proves to be unlawful." Crystal, petitioner, 330 Mass. 583, 590 (1953). See O'Leary, petitioner, 325 Mass. 179, 184 (1950). "Where there is a right of appeal, however, habeas corpus 'cannot be employed as a substitute for ordinary appellate procedure.' " Kauffman, petitioner, 413 Mass. 1010, 1011 (1992), quoting Crowell v. Commonwealth, 352 Mass. 288, 289 (1967). "Consequently, [a] petition[ ] for [a] writ[ ] of habeas corpus may not be used to raise issues that should have been raised on appeal," even if an appeal was not taken. Kauffman, petitioner, supra. See Lamb, petitioner, 368 Mass. 491, 496 (1975) (Where the "alleged errors either were or could have been argued" in an appeal, they may not be brought in a habeas petition). Furthermore, a petition for a writ of habeas corpus may only be properly brought by an individual who contends that "the term of a lawfully imposed sentence has expired," or by one who bases his argument on "grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." Stewart, petitioner, 411 Mass. 566, 568 (1992), quoting Averett, petitioner, 404 Mass. 28, 30-31 (1989). See Clark, petitioner, 34 Mass. App. Ct. 191, 192 (1993).
In this petition, the petitioner seeks to challenge the validity of his indictment. Specifically, the petitioner claims that his conviction and subsequent imprisonment were invalid because the prosecutor presented evidence to the grand jury under a "John Doe Investigation." Thus, the grounds raised in this petition are not distinct from the issues at the petitioner's indictment, trial, conviction, or sentencing stage, and his petition must be dismissed. See Stewart, petitioner, supra; Averett, petitioner, supra at 30. The petitioner's remedy may not be found in a petition for a writ of habeas corpus, but rather properly lies (if at all) in a motion under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See McCastle, petitioner, 401 Mass. 105, 107 (1987) ("[T]here is no constitutional impediment to restricting [the petitioner] to rule 30 relief"). Accordingly, the judge properly denied the petition and did not abuse her discretion in denying the petition without a hearing.
Order denying petition for writ of habeas corpus affirmed.